Opinion delivered June 11, 1887.

No. 5500.

M. A. TUCKER *v.* THE STATE.

1. RECEIVING STOLEN PROPERTY, ETC. — EVIDENCE — CHARGE OF THE COURT. — The charge in the indictment being that the appellant received the property from one Noon Tucker, knowing that the same was stolen by the said Noon Tucker, the theft of the property by the said Noon Tucker became an essential issue in the case, and, as tending to

establish that issue, the court properly permitted a State's witness to testify that when he saw the said Noon Tucker in possession of the said property, he questioned the said Noon as to his title, and the said Noon replied that he had raised it. The failure of the trial court, in its charge to the jury, to limit and restrict such evidence became immaterial in view of the defendant's failure to except to such omission, and in view of the fact that the omission could not prejudice his rights.

2. Practice.—Before reading his charge in this case to the jury, the trial judge, in the presence of the jury, announced to the counsel for the defense, that he would enforce the rules laid down by the Court of Appeals with reference to exceptions on trial to the charge. *Held*, that such action was not error. *Held*, further, that, while the action of the court in requiring the defendant's counsel to point out specifically his objections to the charge, at the time it was given, was error, it became immaterial in view of the fact that the counsel subsequently obtained complete bills embodying his said exceptions.

3. Same—Continuance.—A third application for continuance was properly refused the defendant in this case, in view of the fact that he adduced upon the trial, from other sources, the substance of the alleged absent testimony.

4. Receiving Stolen Property, etc.—Fact Case.—See the statement of the case for evidence *held* sufficient to support a conviction for receiving stolen property knowing it to be stolen.

Appeal from the District Court of Falls. Tried below before the Hon. Eugene Williams.

The indictment in this case was presented in Limestone county. It charged in the first count, against the appellant, the theft of a yearling, the property of George Lewis, and in the second count that he received the same from Noon Tucker, knowing that the same was stolen by the said Noon Tucker. A change of venue to Falls county was awarded the defendant, and upon his trial in that county he was convicted under the second count, and awarded a term of two years in the penitentiary as punishment.

The transaction is the same as that for which Noon Tucker was convicted of theft. The evidence adduced upon the trial of Noon Tucker will be found set out in the report of that case, commencing on page 669 of the twenty-first volume of these Reports. Of the witnesses who testified on the trial of Noon Tucker, George Lewis, James Harper, T. J. Bachelor, Gaston Thedford and Walter Thedford for the State, and M. W. and Mrs. Celia Foster for the defense, testified on this trial, detailing substantially their narratives upon Noon Tucker's trial.

William Bachelor testified, for the State, in substance, that he

stopped at the house of the defendant on the day before the
yearling was delivered to T. J. Bachelor, when the defendant
took him into the lot and showed him the yearling described
in the indictment, and told him that it was one of the animals
sold by him to T. J. Bachelor during the previous spring. That
animal was a freshly marked red steer yearling, with a white
belly and a streak down the face, well grown, and fresh branded
NOON on the side. Defendant said that he knew the yearling
was a two year old, as it was out of a certain red cow owned
by him. Witness did not see Mrs. Celia Foster on this occa-
sion.

Joe Thedford was the next witness for the State. The material
statement made by him is that set out in the opinion of the
court, and which is the foundation of the ruling announced in
the first head note of this report.

The defendant introduced M. W. Foster and his wife Celia,
who testified substantially as they did on the trial of Noon
Tucker. From them and other witnesses he adduced evidence
of the facts he set up in his motion for continuance, which were
the facts testified to by J. B. Prater and R. C. Hodge on the trial
of Noon Tucker, and such as were set up in Noon Tucker's
application for continuance (see 21 Texas Ct. App., 709) as prova-
ble by G. W. Hodge.

The motion for rehearing raised the questions decided in the
opinion.

*Burrow & Kincaid* and *Oltorf & Holland*, for the appellant:
1. Where two or more persons are jointly concerned in the com-
mission of a criminal act a statement or admission by either,
made after the consummation of the act, is not admissible
against the party not so making.

2. If such declarations or admissions could be used as evi-
dence at all against a party not making them, they could only
be used to establish the guilt of the party making them; in
which case the charge of the court should explain the purpose
of admitting the same.

The court permitted the State to prove, over defendant's ob-
jections, that Thedford met Noon Tucker and Calvery driving
the yearling over to Bachelor's for delivery. Thedford inquired
of Noon "if that [meaning the yearling] was one he had
mavericked?" To which inquiry Noon at first gave an evasive
answer, which witness did not remember, and then said it was

one they had raised. To the action of the court in admitting this testimony the defendant excepted. (Smith v. The State, 21 Texas Ct. App., 107; Phillips v. The State, 6 Texas Ct. App., 364; Washington v. The State, 17 Texas Court App., 221; Mc-Williams v. The State, 44 Texas, 116; Fisher v. The State, 4 Texas Ct. App., 181; Hewitt v. The State, 7 Texas Ct. App., 44.)

If Noon Tucker had committed theft of this yearling it had been done long prior to this conversation, and if defendant had received it from Noon he had received the yearling prior to the conversation, and the whole offense, both of theft and receiving stolen property, if ever committed, had been committed prior to this time. We can conceive of no principle on which the declarations of Noon Tucker made after the consummation of the offense could be introduced against M. A. Tucker for the purpose of showing his guilt. The court in its charge to some extent seems to recognize this principle. In the fifteenth paragraph of his charge the court instructs the jury to consider this testimony only in their deliberations upon the second count in the indictment, and not upon the first. The first count charged M. A. Tucker with theft of the animal, and the second count charges that Noon Tucker stole the yearling, and the defendant is charged with fraudulently and knowingly receiving the same from Noon Tucker. The statement of facts shows that M. A. Tucker was away from home in a distant county when this conversation was had.

If both defendant and Noon Tucker had been charged jointly with the theft of the yearling, or if both had been charged with fraudulently receiving it from some other person, knowing it was stolen, this testimony would not have been admissible against M. A. Tucker. Now, since Noon Tucker is charged with the theft thereof, and defendant with having received it from him, we do not conceive how this can alter the rule. In the case at bar, in the second count in the indictment, it was unnecessary for the pleader to charge that the yearling was stolen by Noon Tucker; it would have been sufficient to have charged that it was received from Noon Tucker without stating by whom stolen. (State v. Perkins, 45 Texas, 10; Willson's Crim. Forms, 512.) Can the pleader, by charging unnecessary matters in his indictment, render that testimony admissible which would otherwise have been inadmissible; in short, by charging the theft in connection with the receiving of the property, can the pleader make subsequent confessions of the original thief

legal evidence against the receiver? We submit not. If mistaken in this, then we submit that such confessions by Noon Tucker were, under the second count, admissible only for the purpose of showing that Noon Tucker committed the theft of the animal, and the jury should have been so instructed by the court. The court, instead of so limiting this testimony, permits the jury to consider it under the second count generally for any and all purposes; this testimony being objected to and an exception reserved to its admission. We submit that this point alone will necessitate a reversal of this case.

4. It is error for the court to force the defendant to the alternative of silently submitting to what he conceives to be error, or take the risk of creating against him a prejudice in the minds of the jury by expressing a dissatisfaction with the law as given them in charge by the court.

5. It is error for the court to voluntarily make to defendant's counsel, in the presence and hearing of the jury, and before they had retired on the completion of the reading of the charge, a statement to the effect that he (the court) apprehended that they (defendant's counsel) were going to be dissatisfied with the charge as read, and that, although his court had previously acted upon a different rule, yet now, in this particular case they must take their exceptions under the rules as announced by the Court of Appeals, or they would not be considered.

The court, on taking up the charge to read it to the jury, remarked to counsel for defendant in the presence and hearing of the jury that, "as counsel may not have been present on a former occasion when the court called the attention of the bar to the rule, they will take their exceptions now to the charge of the court under the rules." The defendant at the time excepted to this language and statement by the court, on the ground that such action and statement on the part of the court, made and done in the presence and hearing of the jury, was calculated to prejudice defendant and his case before the jury, and because it would lead the jury to believe that defendant's counsel would be dissatisfied with the law as given them in charge by the court, and that the court expected exceptions to be reserved thereto by defendant and his counsel. (McCall v. The State, 14 Texas Ct. App., 353; Phillips v. The State, 19 Texas Ct. App., 159.)

6. A general exception, after the reading of the charge, to the objectionable portions of the charge of the court in a criminal

case, is sufficient, and it is error to require defendant and his counsel to except specifically thereto without giving them an opportunity to inspect the same.

After the charge in this case was read and the jury retired, the defendant's counsel arose and excepted to the objectionable portions of the charge. The court, not being satisfied with such exceptions, requested defendant's counsel to reduce their exceptions to writing, specifically stating such exceptions, which defendant's counsel declined to do. The court then forced defendant's counsel to specifically state such exceptions, of which he made a memorandum and filed the same among the papers in the case. Defendant excepted to this action of the court on the ground that a general exception to objectionable portions of the charge was sufficient, and, if required to specifically except to and point out objections, they were entitled to an inspection of the court's charge in order to enable them to make such specific exceptions, which inspection had not been tendered them in this case. (Phillips v. The State, 19 Texas Ct. App., 158.)

The court can readily perceive that, at the time the defendant was required to file his specific exceptions to the charge, the jury had the same in their custody and were out considering their verdict. Defendant could only file exceptions from memory after hearing the charge read. It is not to be expected that defendant could, under such circumstances, while the jury were out and without the charge before him, prepare and file critical and analytical exceptions to the same. No human mind could retain the phraseology and points in as long and complicated a charge as the one given in this case after hearing it read only once. The law requires impossibilities of no man, and though the letter of the rule of the Court of Appeals may require this to be done (which we controvert), yet the spirit of the rule could never require a thing of this sort of a defendant. We can not believe that the Court of Appeals ever intended to require the defendant to prepare and file specific and critical exceptions to a long and complicated charge after having heard it read only once and without an opportunity to inspect it. If such is the rule, the sooner, for the sake of justice and the pure administration of the law, it is abrogated, the better.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. There are two counts in the indictment, the

first charging the defendant with the theft of a yearling, the property of George W. Lewis; the second charging one Noon Tucker with the theft of said yearling, and that the defendant fraudulently received said yearling from said Noon Tucker, knowing that the same had been stolen by the said Noon Tucker. Defendant was convicted on this second count.

Upon the trial the court permitted the State, over defendant's objection, to prove by one Thedford that he met Noon Tucker driving said yearling to deliver the same to Bachelor, to whom the same had been sold by defendant; that Thedford asked Noon Tucker "if that [meaning said yearling] was one he had maver-icked;" that said Tucker at first made an evasive answer to said question, but afterwards said it was one they had raised. This testimony was, we think, unquestionably competent as bearing upon the issue of the guilt of Noon Tucker of the theft of the yearling. It was essential for the State to prove that Noon Tucker had committed a theft of the yearling, in order to estab-lish the charge against the defendant, contained in the second count of the indictment. This testimony tended to establish such theft, and the court did not err in admitting it. In his charge to the jury the judge properly and explicitly limited this testimony to the second count in the indictment, instructing the jury that it must not be considered by them in determining whether de-fendant was guilty under the first count, that is, guilty of the theft of the yearling.

But defendant complains that the charge of the court does not sufficiently limit and restrict the purpose for which this testimo-ny might be considered by the jury. He contends that the jury should have been further told that they could only consider it in determining whether Noon Tucker was guilty of the theft of the yearling and could not consider it as any proof that defendant fraudulently received said yearling, knowing that Noon Tucker had stolen it. It would have been proper for the court to have so instructed the jury, perhaps, but the omission to do so was not ex-cepted to by defendant, or in any manner called to the attention of the court at the time of the trial, as far as is disclosed by the record, and we do not think the error, if error it was, could have operated to the prejudice of defendant, as said testimony did not even in a remote degree tend to show that defendant had fraud-ulently received the yearling, knowing the same to be stolen property. Said testimony only bore upon the issue of Noon

Tucker's guilt of the theft, and for this purpose it was clearly admissible.

Several exceptions were taken and reserved to the charge of the court, all of which have received our careful consideration. While the charge is too voluminous, perhaps, and not connectedly arranged; and while some of the paragraphs thereof, considered singly and separately from other paragraphs, are not critically correct, still, when the charge is viewed as a whole, we find no material error in it, and when thus viewed, defendant's exceptions thereto are not well taken.

We perceive no error or even impropriety in the court informing the counsel, in the presence of the jury, with regard to the rule which would govern the court with respect to exceptions to the charge. This could not reasonably be construed to be an intimation on the part of the court, that in its opinion the charge would not be satisfactory to the counsel for defendant. It certainly could not have prejudiced the defendant's case in the minds of any jury possessed of common sense. The subsequent action of the court in relation to the exceptions to the charge was after the jury had retired, and, though it was error to require counsel for defendant to point out specifically at that time the errors in the charge complained of, this could not in any way have operated to the prejudice of the defendant, as he afterwards obtained from the court proper bills embodying all exceptions to the charge.

In view of the evidence adduced on the trial, we do not think the court erred in refusing defendant's application for continuance. It was a third application, and all material facts proposed to be proved by the absent witnesses were proved by other witnesses, who testified in behalf of defendant on the trial. Such being the case, we do not feel called upon to revise the action of the trial judge upon the application for continuance.

While the evidence proving defendant's guilt of the offense of which he stands convicted is in the main circumstantial, and is, in some particulars, rebutted by evidence adduced by defendant, still, in our judgment, there is sufficient evidence to sustain the conviction, and we can not say that the trial judge erred in refusing to grant the defendant a new trial upon the ground of the insufficiency of the evidence.

We find no material error in the conviction, and it is affirmed.

*Affirmed.*