### JAMES MEEK V. THE STATE.

No. 2564.    Decided October 22, 1913.

Rehearing denied November 19, 1913.

**1.—Receiving Stolen Property—Sufficiency of the Evidence.**

Where, upon trial of receiving or concealing stolen property, the evidence sustained the conviction, under a proper charge, there was no error.

**2.—Same—Evidence—Bill of Exceptions.**

Where, upon trial of receiving or concealing stolen property, the court admitted testimony as to the finding of a part of the alleged stolen property and its delivery to the owner, there was no error; besides, the bill of exceptions was defective. Following James v. State, 63 Texas Crim. Rep., 75, and other cases.

**3.—Same—Evidence—Principal—Confession—Record.**

Where defendant was charged with receiving or concealing stolen property, there was no error in admitting in evidence the sworn confession of the thief, and also the indictment, verdict, judgment, and sentence against the latter; there being no objection to the introduction of said record, and all the testimony having been properly limited by the court's charge. Davidson, Judge, dissenting.

**4.—Same—Corpus Delicti—Requested Charge—Confessions.**

Where, upon trial of receiving or concealing stolen property, the court admitted in evidence the written sworn confession of defendant together with other facts and circumstances showing defendant's guilt, and properly instructed the jury upon the law as applied to the facts, there was no error in refusing a requested charge that the corpus delicti can not be proved by the confession of the defendant alone, and this, although the court required the jury to find more than the statute required; that is, that defendant must have received and concealed the alleged property.

**5.—Same—Charge of Court—Invited Error—Intent.**

Where, upon trial of receiving or concealing stolen property, the court substantially followed in his charge the defendant's requested charge that if defendant fraudulently received and concealed the alleged property, etc., and the evidence did not show any innocent purpose on the part of defendant, there was no reversible error.

**6.—Same—Charge of Court—Limiting Testimony.**

Where, upon trial of receiving or concealing stolen property, the court admitted in evidence the confessions of the thief, etc., and properly limited the

Vol. 71 Crim.-28.

same in his charge to the jury and no error was pointed out therein in defendant's motion for new trial, there was no error.

**7.—Same—Charge of Court—Accomplice.**

Where, upon trial of receiving or concealing stolen property, the court properly charged on accomplice testimony and properly limited the same, there was no error.

Appeal from the District Court of Titus.   Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of receiving or concealing stolen property of and over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ward & Ward* and *Rolston & Rolston,* for appellant.—On question of admitting irrelevant testimony:   Crow v. State, 33 Texas Crim. Rep., 264; Brazell v. State, 33 id., 333; Hall v. U. S., 150 U. S., 76; Williams v. U. S., 168 U. S., 382; Drury v. Territory, 13 Am. Crim. Rep., 300; State v. Hopkins, 3 Am. Crim. Rep., 357.

On question of admitting confessions:   Hill v. State, 11 Texas Crim. App., 132; Lovelady v. State, 14 id., 546.

On question of admitting confessions of thief:   Hodge v. State, 64 S. W. Rep., 242; Woods v. State, 60 S. W. Rep., 244.

On question of establishing corpus delicti by confessions:   Brown v. State, 1 Texas Crim. App., 154; Jackson v. State, 29 id., 458; Brady v. State, 32 Texas Crim. Rep., 264; Anderson v. State, 34 id., 546; Hunter v. State, 34 id., 599.

On question of court's charge:   Arcia v. State, 26 Texas Crim. App., 193.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The appellant was convicted of the offense of receiving or concealing stolen property and his punishment fixed at two years confinement in the penitentiary, which is the lowest prescribed by law.

The law prescribing this offense, article 1349, Penal Code, is: "If any person shall receive *or* conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the term theft, knowing the same to have been so acquired, he shall be punished in the same manner as if he had stolen the property."

. The State proved up and introduced, without objection by appellant, his written sworn confession, which unquestionably shows his guilt.   In addition to his confession, the State introduced other facts and circumstances tending to show and showing that he received and concealed the stolen property, knowing at the time that it had been stolen.

The only bill of exceptions in the record is very meager and wholly insufficient to require this court to pass upon the question attempted to

be raised. (James v. State, 63 Texas Crim. Rep., 75; Conger v. State, 63 Texas Crim. Rep., 312.)   However, if we could consider it, it complains of the testimony of Mr. Williams to the effect that he found two pipes buried in the ground which were part of the stolen property and that he delivered those pipes to the owners.   The court, in allowing the bill, qualified it by stating: "I only permitted the State to prove by the witness Williams that the two pipes were found buried and identified as a part of the property stolen.   Just as I did in permitting the State to prove that a part of the property stolen was found in Arkansas in the grip of appellant, James Meek."   If we could look to the record, the uncontradicted testimony would show that a part of the stolen property was some pipes.   Appellant, in his confession, swears that at the time the alleged thief induced him to agree to receive and ship to Arkansas some of the stolen property that the thief then told him that a part of the stolen property was some pipes, and from what the thief then told him he knew that they were stolen property.   Appellant, in the bill only, and not by a statement of facts to that effect approved by the court, objected that appellant was not shown to be connected with the hiding of the pipes or knew of their being stolen at the time, and, hence, that said testimony was hearsay, irrelevant, immaterial and prejudicial.   We think clearly the testimony was admissible over anything shown by appellant's bill.

The indictment alleges that appellant received the property from Raymond Riddle and concealed it, and properly charges that said Riddle had stolen the property, and that appellant, when he received and concealed it, knew that it had been so acquired by Riddle.   Properly, and without any exceptions thereto by appellant, the court admitted the written sworn confessions of said Riddle to the effect that he had stolen the property alleged to have been stolen in the indictment.   Also the indictment against Riddle to that effect, the verdict and judgment of conviction and the sentence therefor.   The court, in his charge to the jury, expressly and pointedly and correctly, instructed them that the said confessions of Riddle, the indictment, judgment and sentence of the court against him and the statements of Riddle in his confessions as to the whereabouts of the two pipes, and any other statements made by him, was not original evidence against the defendant and could not be considered by them for that purpose, but that they could consider it as it might tend to show Riddle guilty of the theft of the property described in the indictment, if it so tended, but they could not consider it for any other purpose.   The appellant's claim, therefore, in his motion for a new trial, in effect, that said Riddle's statements in his confessions could not be considered, is without foundation and was fully met.   The jury could consider it, as told by the court, for the sole purpose of tending to show, if it did, that said Riddle was guilty of the theft of the property described in the indictment.

By a special charge appellant requested the court to instruct the jury that the corpus delicti of the offense "consists of two parts:   First, the

fact that the property alleged to have been received by the defendant had been acquired by Raymond Riddle in such manner that the acquisition comes within the meaning of theft. Second, the fact that James Meek, the defendant, received it. Under the law the corpus delicti of an offense can not be proved by the confession of the defendant, alone. In order to justify a conviction the jury must believe from the evidence outside of the confession of the defendant that the property was stolen by Raymond Riddle and that James Meek received it. Now, therefore, unless you find from other evidence in this case than the confession of the defendant, that he did receive the alleged stolen property, then you will find him not guilty. The burden is on the State to prove beyond a reasonable doubt that the defendant did receive the alleged stolen property and this can not be done by the confession alone of the defendant. If, after considering all of the testimony in evidence before you, you have a reasonable doubt as to the guilt of the defendant, under the instructions given you, you will find him not guilty."

Instead of giving this requested charge, the court gave the following: "In order to warrant a conviction for receiving and concealing stolen property, it must be made to appear by the evidence, satisfactory to the jury, beyond a reasonable doubt: 1. That the property alleged to have been stolen was acquired by theft. 2. That the defendant, knowing it to have been stolen, received and concealed the same. If either of these two essential elements are wanting, then the defendant can not be convicted, and is entitled to be acquitted.

"Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant, James Meek, in the County of Titus and State of Texas, on or about July 13th, 1911, received and concealed the property described in the bill of indictment herein, and that the same was of the value of $50 or over, and that the defendant knew that said property was acquired by theft, then you will find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary for any period of time not less than two years, nor more than ten years."

And in addition the following: "You can not convict defendant in this case unless you believe from the evidence, beyond a reasonable doubt, that the said Raymond Riddle fraudulently—in Titus County, Texas, on or about July 13th, 1911—took the said corporeal personal property of Swint and Fleming from their possession without their consent, and without the consent of either the said W. S. Swint or the said T. M. Fleming, with the intent to deprive the owners of the value of the same, and to appropriate it to the use and benefit of the said Raymond Riddle; and you must further believe, beyond a reasonable doubt, from the evidence that the defendant, James Meek, knew that said property had been stolen, and that he received and concealed same." And still in addition, that the defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt and in case

you have a reasonable doubt as to his guilt you will acquit him and say by your verdict not guilty.

It is the settled law of this State "that a confession alone in and of itself is insufficient to support a conviction." It is also as well established that the confession of the accused "may be used to aid the proof of the corpus delicti, and if all of it together is sufficient to satisfy the jury of the truth of the charge beyond a reasonable doubt, the conviction must be sustained." See Harris v. State, 64 Texas Crim. Rep., 594, 144 S. W. Rep., 232, for a collation of some of the authorities. In addition to appellant's confession, which was full and complete and of itself showed he was guilty of the offense, there was much other evidence and many circumstances established, without contradiction, which tended to show and showed that he received this stolen property from said Riddle, put in his, appellant's, grip or suit case, shipped it from Mt. Pleasant, in Titus County, whence it was stolen, to Little Rock, Arkansas, and in a few days thereafter followed it himself and was arrested in Arkansas, his grip with this stolen property in it taken from him and his grip thereafter delivered back to him. So that it would have been improper, under the circumstances, for the court to have given appellant's said special charge, because it was not called for by the testimony, singled out only a part of it and attempted to exclude the consideration of that part for the purpose of establishing the necessary facts; and that the court's charge on the subject was proper and correct and is the charge which should have been given under the circumstances, and there was no error in the court's refusal to give appellant's special charge, nor in giving the charges above by the court, complained of.

As shown above, the statute under which this offense was prosecuted was expressly followed in the charge of the court, except that while the statute says: "If any person shall receive *or* conceal property," etc., the charge of the court required that the defendant, knowing it to have been stolen, must have both "received *and* concealed the same." Of course, appellant can not complain that the court required the jury to find more than the statute required, before they could convict, for that was in his favor and not against him.

It is also the well settled law of this State that the doctrine of invited error applies. That where the defendant has induced the court by requested charge, to, in effect, give in the court's charge what is requested by appellant, that he can not complain, even if such charge may be erroneous. Cornwell v. State, 61 Texas Crim. Rep., 122; Carbough v. State, 49 Texas Crim. Rep., 452. As shown above, in the appellant's special requested charge, which the court substantially followed in his charge, it is not made a requisite that the court shall require the jury expressly in his charge to find that the appellant fraudulently received and concealed the property. Neither does the statute so require. The appellant not only requested the charge above given and thereby invited the court to so charge, but made no exception thereto at the time and requested no charge at the time that the word "fraudulently" should have

been used in the charge. Besides this, the evidence in no way suggests or intimates that the appellant had any innocent purpose or intention in receiving or concealing the stolen property, but, on the contrary, the evidence all shows, and without any contradiction, that his purpose and intention was anything else than innocent, or without wrong. It might be, in some cases, that where the innocent intention and purpose of the party in receiving or concealing stolen property is suggested or the evidence tends to show such innocent purpose and intention that it would be proper for the court to submit a correct charge on that subject, but this case in no way raises any such question and the court did not commit any reversible error in not so charging.

In another ground of appellant's motion for new trial he quotes a portion of the court's charge wherein, as stated above, the court limited the jury to the purposes for which they could consider the said confessions of Riddle, and the latter part of the court's charge last above quoted. His objection to this portion of the court's charge is: (a) That it is on the weight of the evidence. How it is on the weight of the evidence is in no way attempted to be pointed out. This is too general to be considered, but if not, in our opinion, it is not on the weight of the evidence. (b) That it is ambiguous and conflicting, and misleading to the jury, and prejudicial to the defendant. This is too general to be considered and points out no error at all. And (c) that it is not the law of the case in that if Riddle had the consent of one of the owners of the stolen property at the time he took it, he could not have been guilty of theft and that the charge authorizes his conviction even if he had the consent of one of the owners to take the property. This objection is without any foundation. Not only does the court tell the jury that Riddle must have fraudulently taken the property of Swint and Fleming, without their consent, but without the consent of each of them. Both of these owners swore positively and unequivocally that this property was stolen from them without their consent. The uncontradicted evidence establishes that the store of Swint and Fleming was burglarized and about $300 worth of property stolen from them out of their store at the time and that they recovered the property described in the indictment which was of more than the value of $100 and that Riddle was one of the principals and guilty parties in the theft and burglary.

The court did not err in charging that said Riddle was an accomplice. Riddle did not testify and the jury were excluded from considering any statement in his confession for any purpose whatever, as stated above, except whether or not he was the thief who stole the property.

The evidence is clear, uncontradicted and without doubt establishes the guilt of the appellant. The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 19, 1913.—Reporter.]


DAVIDSON, Judge.—I do not believe the judgment and sentence against the principal were admissible in evidence in the case. I place

this qualification as to my views so as not to agree to that question. The evidence was admitted without objection, but it occurs to me that the opinion indicates it was proper testimony. I do not so believe.