DAVE GOLDSTEIN v. THE STATE.

No. 3350.   Decided November 25, 1914.

Rehearing denied December —, 1914.

**1.—Receiving Stolen Property—Status of Witness—Rule Stated.**

The facts and law existing at the time of the trial, and not at the time of taking the depositions, must be looked to ordinarily, to determine the competency of the evidence. Following Webster v. Mann, 56 Texas, 119, and other cases.

**2.—Same—Conviction for Felony—Other Jurisdictions.**

The question of whether a conviction for a felony in another State will render a person incompetent as a witness in this State is governed by statute, and the words, "or in any other jurisdiction," in the Code embraces within its terms judgments of conviction had in other States of the Union. Following Pitner v. State, 23 Texas Crim. App., 366, and other cases.

**3.—Same—Common Law Rule—Foreign Jurisdiction.**

At common law, and on general principles of jurisprudence, when not controlled by express statute giving effect within the State which enacts it to a conviction and sentence in another State, such conviction and sentence can have no effect by way of penalty or of personal disability or disqualification beyond the limits of the State in which the judgment is rendered. Following Missouri Ry. Co. v. Dubord, 21 Texas Civ. App., 691.

**4.—Same—Rule Stated—Witness Incompetent, When.**

A judgment of conviction for a felony in a foreign State will render a person an incompetent witness in a criminal action in this State when the following facts are shown: that the person has been finally convicted of an offense in a foreign State; that the offense of which he was convicted was a felony under the laws of the State in which he was convicted, and that such an offense would be a felony under the laws of this State if committed within its bounds.

**5.—Same—Best Evidence—Judgment of Conviction.**

The best evidence of such a state of case would be a copy of the indictment and final judgment of conviction properly certified, together with a copy of the laws of that State showing that such acts constitute a felony under the laws of such State; we would not be understood, however, in saying that other legitimate evidence could not be adduced to prove such facts or that they could not be proven by secondary evidence, if no objection was made.

**6.—Same—Case Stated—Felony—Conviction—Competency of Witness—Reproduction of Testimony.**

Where, upon trial of. receiving stolen property, the defendant contended that the testimony of the main State's witness taken at a former trial was not admissible because the witness was now confined in the penitentiary in the State of California under a judgment of conviction in said State, but the evidence did not show or tend to show for what offense the witness was convicted or that the same was a felony under the laws of the State of California, and it was manifest by the record ·that the witness was permanently beyond the jurisdiction of the court, there was no error in permitting the reproduction of the testimony of said witness at ·a former trial.

**7.—Same—Evidence—Theft—Embezzlement.**

Where, upon trial of receiving stolen property, the defendant objected to the evidence because the person who stole the property obtained the possession thereof under circumstances that would constitute embezzlement instead of theft, but the evidence showed that the thief obtained the possession of the alleged property without the knowledge and consent of the owner, this would raise the issue of theft pure and simple, and there was no error.

**8.—Same—Evidence—Thief—Persons Receiving Stolen Property.**

Upon trial of receiving stolen property, all evidence which would have been admissible on the trial of the alleged thief, to show that he was guilty of theft, was admissible on the instant trial to show that the goods delivered to the defendant were stolen goods and that he knew this at the time.

**9.—Same—Sufficiency of the Evidence.**

Where, upon trial of receiving stolen property, the evidence was sufficient to sustain the conviction, under a proper charge of the court, there was no reversible error.

Appeal from the Criminal District Court of Dallas, No. 2. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of receiving stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Nelms,* for appellant.—On question of incompetency of witness: St. Louis, I. M. & S. Ry. Co. v. Harper, 6 S. W. Rep., 720; State v. Conway, 44 Pac. Rep., 627; Scoville v. Hannibal Ry. Co., 6 S. W. Rep., 655; State v. Howard, 19 Kan., 507; Webster v. Mann, 56 Texas, 119; 5 Ency. Ev., p. 903, sec. (f); Levaron v. Cromby, 14 Mass., 237.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of receiving and concealing stolen property, and his punishment assessed at two years confinement in the State penitentiary.

This is the second appeal in this case, the opinion on the former appeal being found reported in 73 Texas Crim. Rep., 558, 166 S. W., 149.

On this trial the witness Claude Rice, who testified on the former trial, and the person whom the State's evidence would show was guilty of the theft of the property, and was the person from whom appellant

received it, was not in attendance on court. It is not insisted by appellant that the evidence does not amply show that the witness is no longer a resident of Texas, but is a resident of the State of California; and under the holding of this court that the testimony of a witness shown to be beyond the jurisdiction of the court may be reproduced on the trial, the court properly admitted the evidence, unless such evidence is rendered inadmissible by reason of the fact that the letters received from Claude Rice and the testimony of Frank Barrett showing that the witness Rice is now confined in the penitentiary in California under a judgment of conviction in that State, renders him incompetent as a witness.

Appellant contends that it is not the status of the witness at the time he gave the testimony, but his status as a citizen at the time the testimony is offered in evidence which governs in regard to whether or not such testimony is admissible in evidence. The question is one of far-reaching effect, and one to which we have given much research and study, and we have arrived at the conclusion that Judge Stayton, in the case of Webster v. Mann, 56 Texas, 119, correctly states the rule to be: "The facts and law existing at the time of the trial, and not at the time of taking the depositions, must be looked to ordinarily, to determine the competency of the evidence." Many authorities could be cited in support of this rule, but as it has never been questioned in this State, so far as we have been able to ascertain, we do not deem it necessary. So, the question to be determined is, had Claude Rice been in attendance on the trial of this case, would he, under the record before us, have been a competent or an incompetent witness, and when that is decided, the question of whether or not the court erred in permitting his testimony to be reproduced will be determined.

Frank Barrett testified that Claude Rice, at the date of this trial, was in the California penitentiary. He does not testify as to the nature of the offense he had been convicted; in fact, his testimony as a whole shows that he personally had never been in California, and that his information was gathered wholly from letters he and others had received from Claude Rice and other sources of information. The witness testified that Rice was convicted at Stockton, California, but, as before stated, does not say of what offense he was convicted. The record further discloses that several letters received from Rice, one from Stockton, California, and the others from San Quentin, California, dated, respectively, June 4, June 17 and July 4, were introduced in evidence, but the record shows the contents of the letters were not admitted. The envelopes in which the letters were received, one of them postmarked "Stockton, Cal., June 5, 1914," the others being stamped "San Quentin, Cal., June 18, 1914," and "San Quentin, Cal., July 6, 1914," were also introduced in evidence. So, if we go by the recitals of the record, the only evidence of the fact that Rice is in the penitentiary in California is the evidence of Frank Barrett, who testified that the witness at the date of the trial was in the penitentiary in California, and that he had been convicted at Stockton, California,

and we are left in the dark as to what offense he had been convicted, and in the dark as to whether he had been convicted of a felony or misdemeanor—in fact, no information is obtainable from the record of what offense Rice was convicted. But if we go to the contents of the letters received from Rice, which accompany the record, but the record states were not admitted in evidence, do we receive any more information? In the letter dated June 4, at the time he began to write, he merely says, "Well, I have crawled up a stump. I am going to cop a plea; don't know for sure what time I will get—not over five though." Later in the letter he adds: "I just went over and got my time. Frank, I got ten years—that is some time." The second letter is dated San Quentin, California, June 17, and in it shows that he had reached the penitentiary and was working in the jute mill, he stating that he would get three and one-half years off for good behavior, and would only have to stay six years and six months, and would get out December 7, 1920. The letter dated at San Quentin, California, July 7, merely shows that he is still in the penitentiary, and in none of those letters, and nowhere else in the record is it disclosed of what offense he was charged or convicted, but all that is shown is that upon a plea of guilty to some unnamed offense he was sentenced to ten years confinement in the penitentiary in the State of California, and was at the time of the trial confined therein, and that he would not be liberated before December 7, 1920.

Had Rice been in attendance on court at Dallas on the trial of this case, and such facts only shown, would they have rendered him incompetent as a witness? Under the laws of this State felonies and misdemeanors have, as a dividing line the fact, if the punishment is by imprisonment in the penitentiary it is a felony; if an offense is not punishable by imprisonment in the penitentiary it is a misdemeanor, but this is not true in all jurisdictions.

The question of whether a conviction for a felony in another State will render a person incompetent as a witness in this State, is governed by statute. If we had no statute on the question, such a conviction would not render one incompetent as a witness. As said in the case of Logan v. United States, 144 U. S., 263, 3 Law. Ed., 413: "At common law, and on general principles of jurisprudence, when not controlled by express statute giving effect within the State which enacts it to a conviction and sentence in another State, such conviction and sentence can have no effect, by way of penalty, or of personal disability or disqualification, beyond the limits of the State in which the judgment is rendered. Wisconsin v. Pelican Ins. Co., 127 U. S., 265 (32:239); Com. v. Green, 17 Mass., 515; Sims v. Sims, 75 N. Y., 466; National Trust Co. v. Gleason, 77 N. Y., 400; Story, Confl. L., sec. 92; 1 Greenl. Ev., sec. 376. It follows that the conviction of Martin in North Carolina did not make him incompetent to testify on the trial of this case." See also Huntington v. Attrill, 146 U. S., 623, 36 Law. Ed., 1127; United States v. Insley, 54 Fed. Rep., 221.

This is held to be the rule in our State in civil cases. In Missouri

Ry. v. DeBord, 21 Texas Civ. App., 691, the court says: "The contention of the defendant that the court erred in allowing the depositions of John W. Lackey to be read in evidence because he had been convicted of theft of cattle and sentenced to the penitentiary by a court of competent jurisdiction in the Indian Territory, and in refusing to allow the authenticated copy of the indictment, conviction and sentence to be read in evidence for the purpose of discrediting his testimony, can not be sustained, this being a civil action," citing authorities. But our Code of Criminal Procedure, in subdivision 3 of article 788, provides: "that all persons who have been or may be convicted of a felony in this State, or in any other jurisdiction, unless such conviction has been legally set aside, or unless the convict has been legally pardoned for the crime of which he was convicted" are incompetent to testify as a witness in a criminal action. This provision of the Code, in so far as we have been able to ascertain, first came before this court for construction in the case of Pitner v. State, 23 Texas Crim. App., 366. At that time our present senior justice, Judge Davidson, was representing the State as its Assistant Attorney General before this court, and he filed an able and exhaustive brief, contending that the words, "or in any other jurisdiction," had no reference to convictions had in other States, and that the common law rule was in force in this State in criminal as well as civil cases, he showing such rule to be: "A judgment of criminal conviction had in one State can not be used to show or prove a witness incompetent in another State, where the witness has been convicted of an infamous crime in the former," citing among other authorities, 17 Mass., 515; 23 Ala., 44; 75 N. Y., 466; 77 N. Y., 400; 1 Greenl. Ev., 13 ed., sec. 376, and note 2, and sec. 506; 1 Bishop Crim. Law, sec. 109; also sec. 976, and note; Wharton Crim. Ev., sec. 363, and note, and sec. 489. The court, in overruling this contention, says: "Leaving out of view any statutory provision upon the subject, the position of the Assistant Attorney General is sustained by high, if not the great weight of authority, and we would incline to the view contended for by the Assistant Attorney General, were we called upon to decide the question without being controlled by statutory enactment." They then hold that the words, *"or in any other jurisdiction,"* in the Code embraces within its terms judgments of convictions had in other States in the Union. However, they also discuss at some length what is necessary to be shown to render a judgment of conviction in another State sufficient to render a person incompetent as a witness in the courts of this State, and these rules have been adhered to in this court since the rendition of that opinion, and we do not deem it necessary to discuss the question at length again, but merely to restate the rule as therein announced. A judgment of conviction for a felony in a foreign State will render a person an incompetent witness in a criminal action in this State when the following facts are shown: That the person has been finally convicted of an offense in a foreign State; that the offense of which he was convicted was a felony under the laws of the State in which he was convicted,

and such an offense would be a felony under the laws of this State if committed within its bounds. The best evidence of such a state of case would be a copy of the indictment and final judgment of conviction properly certified to, together with a copy of the laws of that State showing that such acts constitute a felony under the laws of such State; having before us a copy of the indictment, we would judicially know whether or not such an offense was a felony under the laws of this State. In saying this would be the best evidence, we would not be understood as saying that other legitimate evidence could not be adduced to prove such facts, or that they could not be proven by secondary evidence, if no objection was made. However, in this case, the evidence does not show nor tend to show of what offense the witness was convicted in California, nor whether or not the offense of which he was convicted was a felony under the laws of that State, and certainly without any evidence of what the offense consisted we can not know whether or not such an offense is a felony under the laws of this State. This being the state of the record, the court did not err in permitting the evidence of Claude Rice at the former trial to be reproduced, as it is manifest by the record that he is permanently beyond the jurisdiction of the court.

The evidence and all the evidence would show that Claude Rice obtained the possession of the property under circumstances that would constitute theft and not embezzlement, and those bills which complain of the introduction of the evidence of Rice and Barrett, because their evidence would show that Rice was guilty of embezzlement, present no error. There must have been a trust relation existing between Rice and the person from whom he obtained the goods, before the evidence would suggest a case of embezzlement. Neither the person in possession, nor the owner of the goods, knew Rice, and he obtained possession of the goods without their knowledge or consent. The owner had gone in bathing and deposited his valuables with the bathhouse keeper, and Rice, in some way not disclosed, had obtained possession of the check given for the goods to the owner. He took this check and presented it to the bathhouse keeper, and obtained the watch, diamonds, rings, and at once proceeded to appropriate them to his own use. The next day the jewelry was delivered into the possession of appellant, who concealed it in his safety deposit vault. Such evidence does not raise the issue of embezzlement by Rice, but theft pure and simple.

All evidence which would have been admissible on the trial of Rice to show that he was guilty of theft was admissible on this trial to show that the goods delivered to appellant were stolen goods, and the court did not err in so holding. Of course, the evidence would have to go further and show that appellant at the time he received the goods knew they were stolen goods, and with this knowledge concealed them. This it did apparently to the satisfaction of the jury.

There was no objection made to the charge at the time it was submitted to appellant's counsel for inspection; no special charges were requested, and the court having very fairly and fully submitted the

issues made by the testimony, and in a way not complained of by appellant, the judgment is affirmed.

*'Affirmed.*