## NED LYTTON V. THE STATE.

No. 18621.   Delivered December 23, 1936.
Rehearing Withdrawn February 10, 1937.

The opinion states the case.

*Polk Shelton* and *Emmett Shelton,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of receiving and concealing stolen property of the value of over five dollars and less than fifty dollars, and his punishment was

assessed at confinement in the county jail for a term of one year and a fine of $250.00.

The testimony adduced on the trial shows that during the afternoon of January 10, 1936, some person or persons entered the home of Fred C. Ayer, located on Enfield Road in the City of Austin, Texas, and took therefrom one rifle, a pistol, and a knife. Milton Jones testified that he and Cornell Williams on said date between three and three-thirty P. M. forcibly entered the home of Mr. Ayer and took therefrom the above mentioned articles; that they secreted the pistol and knife on their person, hid the rifle in a little branch near the home of Mr. Ayer by covering it with leaves; that they took the knife and pistol to the appellant and sold them to him; that at said time they told him about the rifle being out there and he suggested they wait until he could get off from work, that then they would go out there and get it; that after dark they, that is, appellant, Jones, and Williams, got into a car and went out and got the rifle. Jones further testified that a short time prior thereto appellant told him that if he got anything that was "hot," to bring it to him, that he would take it, that the kind of "stuff" he wanted mostly was such as guns, suitcases, and anything he could sell or which he might use himself.

After appellant was arrested he made a written confession in which he admitted that over a period of six to eight weeks he bought numerous articles of personal property from Jones and Williams.

By bills of exception numbers three and eight appellant complains of the action of the trial court; first, because the court permitted the State to prove by the witness Milton Jones that prior to the time that he sold the property taken from the Ayer home to appellant that he had sold an overcoat to him for the sum of four dollars, at which time appellant told him that if he got anything that was "hot," to bring it to him, that he would be willing to take it, that the "stuff" he wanted mostly was such as guns, suitcases, or anything that he could sell or use himself; second, because the court permitted the district attorney to introduce in evidence appellant's written confession showing that on the various dates from December 24, 1935, up to and including January 24, 1936, he received stolen goods from Jones and Williams. Appellant objected to the testimony and confession on the ground that they showed extraneous offenses, isolated transactions, and were prejudicial, irrelevant, and immaterial, and that the property was no part of the property described in the indictment, for which defendant was on

trial. The objections were overruled and appellant excepted. The court in his qualification to bill number three states that appellant was tried for receiving and concealing stolen property from Milton Jones and Cornell Williams, knowing the same to have been acquired by theft, to which charge he pleaded not guilty; that the State offered the above testimony on the theory that it was admissible to show defendant's state of mind in receiving the property involved; that it showed a guilty knowledge on the part of the defendant as well as motive, system, and intent in receiving the property; that he, the court, in his instruction to the jury limited their consideration of said testimony to the purpose for which it was admitted. We think that this testimony was admissible under the rule announced by this court in the cases of Kaufman v. State, 159 S. W., 58, and Henderson v. State, 172 S. W., 794.

Appellant by his plea of not guilty denied that he received the property with knowledge that it had theretofore been acquired by Jones and Williams in such a manner as that the acquisition thereof came within the meaning of the term theft. This placed the burden upon the State to show that appellant either had actual knowledge, or from the circumstances and the articles theretofore sold to him had knowledge, that the property had been acquired by Jones and Williams in such manner as that the acquisition thereof came within the meaning of the term theft. However, it occurs to us that the testimony was admissible to show the agreement and relationship existing between the parties and the conspiracy leading up to the consummation of the offense charged. It will be noted that in the confession of the appellant it appears that all of the purchases referred to took place over a period of six to eight weeks and were from the same parties. The burden of corroborating the testimony of the accomplice Milton Jones was upon the State. Consequently, the State introduced all the proof of prior declarations, contracts, and agreements existing between appellant and Jones for the purpose of showing the existence of a conspiracy between the appellant and the accomplice in which each was to perform a certain unlawful act. The accomplices were to steal the property and appellant was to receive and conceal the same. The testimony of the accomplice with reference to prior dealings and prior agreements to which appellant objected was, therefore, admissible as establishing the existence of the conspiracy and as identifying him therewith. The existence of the unlawful undertaking between the two parties was also shown by his confession. Therefore all the testimony objected to by

appellant and which was limited by the trial court was admissible in support of the State's contention of the existence of a conspiracy and as corroborating the accomplice. We are not unmindful of the general rule that independent crimes or offenses by an accused are not admissible; that an accused cannot be convicted of the crime for which he is on trial by showing that he committed at other times like crimes. But, there are exceptions which are as well established as the rule itself. These exceptions are stated by Wharton on Criminal Evidence, Vol. 1, Sec. 31, as follows:

"(1) as part of the res gestae. (2) To prove identity of person or of crime. (3) To prove scienter or guilty knowledge. (4) To prove intent. (5) To show motive. (6) To prove system. (7) To prove malice."

In Sec. 35 he says:

"Evidence of collateral offenses often becomes relevant where it is necessary to prove scienter or guilty knowledge, even though the reception of such evidence might establish a different and independent offense. In prosecutions for receiving stolen goods, guilty knowledge is the gist or substance of the offense to be established by the prosecution; and evidence of collateral offenses is admissible to establish such knowledge."

We therefore overrule appellant's contention.

Bill of exception number four is overruled for the same reason that we overrule bill of exception number three.

Bills of exception numbers six and seven fail to show upon what grounds, if any, appellant objected to the admission of the testimony and are, therefore, insufficient to disclose any error.

Appellant has urged a great number of objections to the court's charge, but a careful examination of the same in the light of the objections leads us to the conclusion that the charge is not subject to the objections addressed thereto.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION TO WITHDRAW MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Since the affirmance of the judgment of conviction on December 23, 1936, and the filing of his motion for rehearing, the appellant has filed a written mo-

tion, duly verified by his affidavit; requesting the withdrawal of his motion for rehearing.

The request is granted, the motion for rehearing is dismissed, and the mandate ordered issued on the original judgment of affirmance.

*Motion for rehearing dismissed.*