## J. T. PATTERSON V. THE STATE.

No. 21362. Delivered January 22, 1941.

The opinion states the case.

*Mahan & Broughton*, of Childress, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is receiving and concealing stolen property over the value of $50.00. The punishment assessed is confinement in the state penitentiary for two years.

Appellant and Maurine Snow Morgan were jointly indicted by the Grand Jury at the January Term, 1940, of the District Court of Childress County, for the offense of theft of property over the value of $50.00 and of receiving and concealing said property.

The indictment contained three counts. The first charged appellant and Maurine Snow Morgan with the theft of the property; the second count charged them with fraudulently receiving said property from some person to the grand jurors unknown, and the third count charged them with fraudulently receiving said property from Charlie Morgan.

When the case was called for trial at the June Term of said court, a severance was had and appellant alone was placed on trial. He pleaded not guilty to the indictment and filed an application for a suspension of sentence in the event of his conviction. The court withdrew the first and second counts from the jury and submitted the case to them on the third count in the indictment which charged appellant with fraudulently receiving the alleged stolen property from Charlie Morgan.

Appellant's first contention is that the evidence is wholly insufficient to justify his conviction for receiving and concealing the alleged stolen property from Charlie Morgan. The record discloses that on the night of January 12, 1940, Dr. E. W. Jones went in his automobile from the town of Wellington to Childress in Childress County, Texas, for the purpose of attending a meeting of the Three-County Medical Association. He parked his car against the curb in front of a residence west from the Childress Hotel and then went to the meeting. When he left the car, he left therein what he denominated a "medical kit" which contained a stethoscope, a blood-pressure gauge, two hypodermic cases and a leather medicine case containing drugs, the total value of which exceeded $50.00. Upon his return to the

car about two hours later, he discovered that his kit, including the instruments, leather case and drugs, was gone. A few days later the appellant and Maurine Snow Morgan were seen by Mr. Haddox at a travel-bureau station in San Antonio, Texas, in possession of the kit containing all the instruments heretofore mentioned. When questioned as to how they obtained the kit, appellant said that they found it on the road near Hobbs, New Mexico. Appellant and his companion, Maurine Snow Morgan, were then arrested and taken to Childress, Texas, where he made a voluntary confession to the County Attorney, after being duly warned as provided by law.

In his confession, appellant stated that on the night in question he was in the town of Childress; that he, in company with Charlie Morgan and Maurine Snow Morgan, went riding in his (appellant's) automobile; that after they passed the hotel a very short distance, Morgan told him to stop, which he did; that Morgan got out of the car, went to a parked automobile, got a bag out of it, came back and placed it in the appellant's car; that they then drove out west of town, where Morgan opened the bag, saw what was in it and threw something out; that a little later, when they came back to town, Morgan said that he wanted to steal something more, but appellant persuaded him not to do so.

Appellant did not testify or offer any affirmative defense. However, he placed some of his relatives and friends upon the witness-stand and proved by them that he had never theretofore been convicted of a felony either in this or in any other state.

Appellant's main contention is that although the testimony may be sufficient to have justified his conviction of theft of the alleged stolen property, yet it is wholly insufficient to sustain his conviction for receiving and concealing the stolen property which he is alleged to have received from Charlie Morgan. We think there is some merit in the appellant's contention. The fact that the property was stolen from Dr. Jones' automobile on the night in question and that appellant was subsequently found in possession thereof would be sufficient to justify his conviction for theft but would not justify his conviction for receiving and concealing the alleged stolen property from Charlie Morgan. There is no testimony outside of the appellant's confession alone which shows that Charlie Morgan stole the property and that appellant received it from him. There is no testimony from any source that Charlie Morgan, the alleged thief, was in the

town of Childress on the night in question. It is a well-settled rule in this State that a person cannot be convicted upon an extra-judicial confession standing alone. It must be corroborated by other evidence showing the substantive facts of the crime. See Art. 727, note 19, Vernon's Ann. Tex. C. C. P., Vol. 2, p. 833; also Lott v. State, 60 Texas Cr. R. 162; Mills v. State, 123 Texas Cr. R. 395; Hunter v. State, 128 Texas Cr. R. 191; Kulberth v. State, 95 Texas Cr. R. 462; Jacks v. State, 109 S. W. (2d) 762; Livingston v. State, 112 S. W. (2d) 190; Richardson v. State, 90 Texas Cr. R. 353; Daugherty v. State, 78 Texas Cr. R. 535; McGregor v. State, 121 Texas Cr. R. 419, and cases cited. We have carefully searched the record in an endeavor to find some testimony outside of the extra-judicial confession of the appellant which would tend to show that Morgan stole the property in question and that appellant received it from him, but we have been unable to find any evidence to sustain such allegation in the indictment. The fact that appellant was found in possession of recently stolen property would be a circumstance tending to show that he committed a theft, but would not be a circumstance showing that he received it from Charlie Morgan, the alleged thief.

Appellant also raised some questions as to misconduct of the jury but inasmuch as that issue will most likely not arise upon another trial, we deem it unnecessary to discuss the same.

Believing that the testimony disclosed by the record in this case is insufficient to sustain the appellant's conviction for receiving and concealing the alleged stolen property, the judgment of the trial court will be reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.