GUS BRIGHT V. THE STATE.

No. 22253. Delivered November 4, 1942.

The opinion states the case.

*Conrad E. Smith,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is procuring. The punishment assessed is confinement in the county jail for a period of 45 days and a fine of $50.00.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. We think there is merit in his contention.

The evidence adduced by the State, briefly stated, shows that on the night of January 10, 1942, at about 9:30 o'clock, members of the city police went to the Larendon Hotel in the City of Houston and arrested a number of persons, including appellant, and took them to the police station where they obtained from appellant a written confession in which he stated that he was employed by McDavis as a porter at the Larendon Hotel; that while so employed he did at times procure women for men who came there to spend the night; that the women would give him a tip for his services. The State then proved by Scearce and Collins, policemen of said city, that the Larendon Hotel had the reputation of being a house of prostitution. No other evidence was offered. Appellant did not testify or introduce any evidence.

It will be noted from the foregoing brief statement of the salient facts proved that outside or independent of the appel-

lant's confession there is no evidence showing that the offense charged was committed. It is now the well-settled rule in this State that one accused of crime cannot be convicted on his extrajudicial confession standing alone. There must be other evidence, either direct or circumstantial, showing that an offense was committed. See Patterson v. State, 146 S. W. (2d) 993, and authorities there cited. In the instant case, the State introduced no evidence, either direct or circumstantial, which corroborated appellant's extrajudicial confession. The mere fact that the hotel mentioned had the reputation of being a house of prostitution is not, in our opinion, sufficient corroboration of the confession to show the commission of the offense by appellant.

Believing that the evidence, as disclosed by the record, is insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.