## W. J. POLLAN V. STATE.

No. 25645. February 6, 1952.
Appellant's Motion for Rehearing
Denied April 9, 1952.

Hon. A. R. Stout, Judge Presiding.

*Forrester Hancock,* Waxahachie, and *Howard Dailey,* Dallas, for appellant.

*Stuart B. Lumpkins,* County Attorney, Waxahachie, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is receiving and concealing stolen property; the punishment, two years.

The state introduced testimony of grocery company employees that, on the day preceding that charged in the indict-

ment, a company delivery truck had been loaded with assorted grocery and allied articles at the Waples-Platter Company warehouse in Dallas and started out on its delivery route. Further evidence was offered to show that the truck had been stolen and recovered the next day, but that the groceries were missing therefrom.

Police officers of the city of Dallas testified that they recovered certain of the articles, identified by code number as being property of Waples-Platter Company, from appellant's place of business near the city of Ennis, in Ellis County.

The indictment charged that appellant had received and concealed the named articles from one James Bryant Leslie, knowing the same to have been stolen. A police officer identified a confession of the said Leslie in which he admitted having stolen the merchandise but in which he made no statement as to its disposition.

Officer Davis testified that on the day charged in the indictment he had a conversation in Dallas with appellant, who was at the time not in the custody of any officer, and that appellant then told him that he had bought the groceries in question from Leslie, his step-father-in-law, whom he knew to be a thief, and that for this reason he had known the groceries to have been stolen at the time he bought them. According to officer Davis, appellant was repentant and indicated a desire to reimburse those who had suffered from the theft. Davis testified further of a subsequent meeting with appellant at the sheriff's office in Ellis County, where arrangements were made for appellant to return certain other of the stolen articles which had not been found by the officers in their previous search of his premises.

Appellant did not testify, but offered his wife as a witness, who testified that appellant had not been present at the time of the purchase of the groceries in question from Leslie and that she herself had concluded the trade with him, thinking the merchandise to be railroad salvage.

We find the evidence sufficient to support the conviction.

Bill of Exception No. 1 complains of the introduction of the confession of Leslie as to the theft of the stolen property. Appellant contends that, since he was not present when the confession was made, the same was hearsay as to him; that he was

deprived of his constitutional right to be confronted with the witnesses against him; and that Leslie was available to the state since he was an inmate of the penitentiary at the time.

It has long been the rule in this state that where the indictment charges the one on trial with having received and concealed stolen property from a named person, knowing the same to have been stolen, that proof tending to establish that the named person actually stole the property in question is both *requisite and proper*. Tucker v. State, 23 Tex. App. 512, 5 S. W. 180; Meek v. State, 71 Tex. Cr. R. 433, 160 S. W. 698; and Goldstein v. State, 75 Tex. Cr. R. 390, 171 S. W. 709. In the Meek case, supra, we held the confession of the thief, the indictment, verdict, judgment and sentence in his trial for the theft admissible. When this is done, however, it is incumbent upon the court to charge the jury that such evidence of the guilt of the thief could not be considered by them as original evidence against the receiver, but only to show the guilt of the thief as alleged in the indictment. This, we find the court to have properly done in paragraph 7 of his charge.

Bill of Exception No. 2 seeks to complain of a volunteered statement by a state's witness and of a question by the prosecutor. Since the court qualified the bill to show that no objection was made to the statement of the witness, we pass on to a consideration of the impropriety of the question by State's counsel, as follows: "Now, at that time when you had that conversation, you asked W. J. as to the whereabouts of three Admiral refrigerators." The motion for mistrial was on the grounds that the question was of a highly prejudicial nature. We find no statement in the bill showing that the Admiral refrigerators were not a part of the property involved in the litigation on trial. We further find that the question was not answered, and the court sustained appellant's objection thereto. The bill fails to show error.

Appellant has filed an able brief in which he attacks the sufficiency of the evidence to support the conviction. He seems to be laboring under the impression that the confession must be eliminated from consideration entirely in determining whether the corpus delicti has been established. This is not the rule.

In Watson v. State, 154 Tex. Cr. R. 438, 227 S. W. (2d) 559, we had occasion to discuss the proposition advanced by appellant. There, we said:

"In establishing the corpus delicti, the confession may be used in connection with the other facts and circumstances, that is, the confession may be used to aid the proof of the corpus delicti. * * *

"The corpus delicti may be proved by circumstances as well as by direct evidence. ** *

"And the confession may render sufficient circumstantial evidence that would be insufficient without it. * * *"

In the case at bar, we feel that the appellant's guilt was established by the following evidence, aided by appellant's confession, to-wit:

1. Proof that the stolen property was in the possession of appellant.

2. The peculiar manner in which appellant returned some of the property to the sheriff at Waxahachie, all the while refusing to disclose to the officers where he had the same hidden.

3. The fact that appellant's wife, as well as the witness Nichols, admitted that she received the property from Leslie, who was her step-father.

It is true that in receiving and concealing cases, as will be seen in Patterson v. State, 140 Tex. Cr. R. 661, 146 S. W. (2d) 993, and Scott v. State, 141 Tex. Cr. R. 296, 148 S. W. (2d) 418, cited by appellant, as well as earlier cases heretofore cited in this opinion, that the state must prove that the property was in fact stolen by the thief named in the indictment. This was done in the case at bar by the confession of the thief.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant again urges the insufficiency of the evidence to sustain the conviction, and insists that we were in error in holding that there is sufficient corroboration of appellant's confession.

The bare fact that appellant was in possession of the stolen property is not sufficient to show that he knew it was stolen.

But such possession was a circumstance which together with other circumstances may be sufficient for the jury to draw such an inference. The confession supplies direct evidence of such guilty knowledge. Other circumstances are found here such as the concealment of the stolen merchandise which appellant confessed to having received from his step-father-in-law, knowing it to be stolen property.

On Monday following the recovery of a part of the stolen groceries, appellant was asked about the remaining part not found at his "Trading Post." He declined to tell or show the officers where these goods were located, but said that he would bring in all he had not disposed of and all that he could get back. He declined to permit the officers to go with him to where these goods were located. He also told the officers that he wanted to pay for all that he could not return.

Ralph Hollins, an employee of appellant, referring to a time subsequent to the above conversation, testified that he went to appellant's house in Ennis where he found a car with a loaded trailer. Under the directions of appellant, he drove this car to the jail at Waxahachie where the goods were unloaded.

Hollins testified:

"Mr. Pollan told me to take that trailer load over there; he didn't want it there. I left and taken it away and I don't know what was on it. It was a truck and trailer. Mr. Pollan told me to get it away from over there, and I did. I took it to the jail house and delivered it to Mr. White. Then I took the trailer back and parked it there in town. I left it in town and when I come back it was gone. * * * When I got the truck, it was sitting out on the highway, on the road."

The merchandise from this trailer was identified as part of the stolen groceries.

According to the testimony offered by appellant, the groceries recovered at appellant's "Trading Post" were delivered by the thief and were placed on the shelves there in the store. Appellant arrived about the time the stacking of the groceries was completed.

It is significant to us that a part of these stolen groceries were not in the store at the time of the search, but were in some undisclosed place known to appellant. If they had been

stacked in the store, they had been removed and placed elsewhere. They were loaded in a trailer and brought to the residence of appellant, from where and by whom, is not disclosed. It seems clear that appellant was concealing this part of the stolen goods, even after a part thereof had been recovered from his store.

We remain convinced that the evidence is sufficient to sustain the conviction.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.