FLOYD LANIER V. STATE

No. 34,447.   April 18, 1962

*George F. Edwardes,* Texarkana, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is receiving and concealing stolen property, to-wit, 5 rolls of hardware cloth valued at more than fifty dollars; the punishment, six years.

Bob Ritchie, a service man for Southwestern Electric Power Company, testified that he was in charge of a company substation

where hardware cloth was stored, that five rolls of hardware cloth were taken on the date in question without his permission, that one roll of the hardware cloth cost the company $33.40, and, further, that he later identified the hardware cloth in the jail yard.

Willtrout, who was named in the indictment as the person from whom appellant received the stolen property, testified that he had known appellant some four years, that he and Hays stole the hardware cloth and took it to appellant's farm and threw it over a fence, and that appellant paid him $20.00 for it the following night. Willtrout further testified that on a prior occasion appellant had pointed out two aluminum gates and stated he needed them, that he stole the gates and delivered them to appellant for $20.00, and that appellant had once helped him dispose of some wire that he had stolen from a lumber company. He testified that he had been convicted for the theft of the five rolls of hardware cloth.

One Hays also testified that he participated in the theft of the property in question.

John Webb testified that he and Willtrout stole and delivered some aluminum gates to appellant at his farm, that appellant asked if they had any trouble getting the gates and asked Willtrout to help him carry the gates into the barn.

Officers from the sheriff's departments of Morris and Cass Counties testified that they went to appellant's farm with a search warrant and a warrant for appellant's arrest, that they found the hardware cloth in appellant's barn, along with numerous other items of stolen property, and that they rented a two and a half ton truck to take the property to the jail.

Several witnesses testified that they identified items of property at the jail that had been stolen from them.

Appellant did not testify or offer any evidence in his behalf, and we find the evidence sufficient to support the conviction.

No formal bills of exception appear in the record, and no brief has been filed in appellant's behalf.

By informal bill of exception, appellant complains that the trial court erred in permitting the State to prove by Willtrout and other witnesses that items of stolen property other than the hardware cloth had been delivered to appellant.

The trial court properly limited the consideration of this evidence in his charge to the jury, and we find the testimony admissible to show appellant's guilty knowledge, as well as motive, system and intent in receiving the property. Lytton v. State, 131 Texas Cr. Rep. 654, 101 S.W. 2d 564; Kaufman v. State, 70 Texas Cr. Rep. 438, 159 S.W. 58; and Henderson v. State, 76 Texas Cr. Rep. 66, 172 S.W. 793.

Appellant also complains by informal bill of exception that the trial court erred in admitting into evidence the confession, indictment, verdict, judgment and sentence in the case against Willtrout for theft. This evidence was properly limited by the trial court and was admissible to show that the property was in fact stolen by the thief named in the indictment. Pollan v. State, 157 Texas Cr. Rep. 178, 247 S.W. 2d 889.

No reversible error appearing, the judgment is affirmed.