ROBERT N. KLUTING v. THE STATE.

No. 6291. Decided June 1, 1921.

Rehearing denied June 24, 1921.

1.—Receiving Stolen Property—Evidence—Bill of Exceptions—Secondary Evidence.

Where, upon trial of receiving stolen property, defendant objected to the admission in evidence of a certain expense bill from the railway company, it being claimed by defendant that same was a carbon copy and that as such it was secondary evidence and not admissible unless the loss of the original was shown, etc., but the qualification to the bill of exceptions showed that no original expense bill was in existence, or ever delivered by the railway company, there was no reversible error. Besides, there was evidence without dispute as to delivery of the property and no necessity existed for the introduction of said expense bill. Following Dawson v. State, 32 Texas Crim. Rep., 535.

2.—Same—Evidence—Credibility of Witness—Practice in Trial Court.

Where defendant offered in evidence certain indictments against a State's witness charging embezzlement, and also judgments of conviction upon pleas of guilty against the same party, but the record showed that such witness had not testified in the case, and was not the alleged original taker of the stolen property, there was no reversible error.

### 3.—Same—Evidence—Practice in Trial Court.

Where the State abandoned its question objected to by the defendant without waiting for a ruling of the Court, and then asked whether the witness compared the numbers of a certain bill of lading with those on the boxes which contained the property in question, to which he answered affirmatively, and that they corresponded, and there was no motion to exclude, the bill of exceptions presented no reversible error.

### 4.—Same—Ownership—Agent—Railway Company—Requested Charge.

Where ownership of the alleged stolen property was laid in the local freight agent of the railway company, and the evidence showed that the property was taken by a negro driver of a freight wagon from the freight warehouse and that said property was taken away from said warehouse, and delivered to the defendant, and it further appeared from the evidence that two other railroad hands were merely truckers and hired hands of the railway company, and had no care, control, or management of the alleged property which constituted ownership, there was no error in refusing requested charges that the ownership was not corectly alleged.

### 5.—Same—Accomplice—Corroboration—Requested Charge.

Where, upon trial of receiving stolen property, the testimony of the alleged accomplice was sufficiently corroborated, there was no error in refusing requested charges that it was not sufficiently corroborated.

### 6.—Same—Requested Charge—Practice in Trial Court.

Where the requested charge was covered by the main charge, there was no error in refusing same.

### 7.—Same—Requested Change—Other Stolen Property—Charge of Court.

Where, upon trial of receiving stolen property, the evidence showed that defendant was also in possession of other stolen property than that alleged to have been stolen in the instant case, there was no errror in refusing a requested instruction that the jury could not consider this evidence.

### 8.—Same—Rehearing—Practice on Appeal.

Where the motion for rehearing presents no new matter for consideration of this court, and the proper disposition having been made in the original opinion of the court, the same will be overruled.

Appeal from the Criminal District Court No. 1, of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of receiving stolen property; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.?

*A. S. Baskett,* and *Allen & Allen,* for appellant.—On question of copy of expense bill: Southwest Tel. & Tel. Co. v. Owens, 116 S. W. Rep., 89.

On question of attack upon credibility of State's witness: Cooper v. State, 29 Texas Crim. App., 8.

On question of insufficiency of the evidence: Boyd v. State, 24 Texas Crim. App., 570; Fernandez v. State, 25 id., 538; White v. State, 28 id., 71.

On question of corroboration: Phillips v. State, 17 Texas Crim. App., 169; Conway v. State, 33 Texas Crim. Rep., 327.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in Criminal District Court No. 1, Dallas County, of the offense of receiving and concealing stolen property of the value of more than fifty dollars, and his punishment fixed at confinement in the penitentiary for a period of two years.

There were two counts in the indictment, one charging appellant with receiving from Jesse Holland certain property theretofore stolen by said Holland from W. D. Stetler; one charging that he received certain property from James Qualls which had theretofore been stolen from W. D. Stetler. The second count alone was submitted to the jury.

By a bill of exceptions complaint is made of the admission in evidence of a certain expense bill, it being claimed by appellant that same was a carbon copy, and that as such it was secondary evidence and not admissible unless the loss of the original was shown, or that it was beyond the jurisdiction of the court. By his qualifications to said bill of exceptions the trial court certifies that no original expense bill was ever made out and delivered by the railroad company, relating to the instant transaction, but that in the ordinary course of business as transacted by said company over which the property in question was shipped to Dallas, two original expense bills were made out, one of which was kept by the railroad company and the other delivered to the consignees upon payment by them of the freight and acceptance of same. Inasmuch as the property involved in the instant transaction appears to have been stolen from the possession of the railroad company's agent prior to its delivery, no duplicate expense bill had been delivered to the consignees thereof, and as the transaction is here made to appear, the only expense bill in existence was the one offered in evidence by an employee of said railroad company. We see no error in admitting same in evidence. The contents of said expense bill would not appear to be very material as affecting the guilt or innocence of the accused in this case. That the property alleged to have been stolen by Qualls, and by him delivered to appellant, was in fact in the freight warehouse of the Cotton Belt Ry. Co., at Dallas, Texas, and in the care, control and management of their agent prior to the time when same was taken by Qualls,—seems to be without dispute in the record, and there would appear to necessity for the introduction of said expense bill. Its introduction, if erroneous, would appear to be harmless. See Dawson v. State, 32 Texas Crim. Rep., 535.

Appellant offered in evidence certain indictments against one Marable charging embezzlement, and also judgments of conviction upon pleas of guilty, against the same party. Marable was not a witness in this case. That such indictments and judgments existed, would not seem material to any issue herein. They could not prove that the property in question was or was not acquired by theft or embezzlement. It ap-

pears to be the well settled rule that inasmuch as the burden is upon the State to prove the theft of the property in question by the party who is alleged to have so acquired same, it is admissible to prove his indictment and conviction therefor, and it is so held in the case of Cooper v. State, 29 Texas Crim. App. 8, cited by appellant. See Meek v. State, 71 Texas Crim. Rep., 433, 160 S. W. Rep., 698. The fact that some other party than the alleged taker may have been indicted for another offense involved in or growing out of the same transaction, such party not being a witness, would not seem to us to be material.

As qualified by the trial court, bill of exceptions No. 4 shows that a question therein set forth, was asked by the State, but upon objection being made by appellant, without waiting for a ruling of the court, the State abandoned said question and asked the witness if he compared the numbers on a certain bill of lading with those on the boxes which contained the property in question, to which he replied that he did. He was then asked by the State "Did they correspond?" He answered "Yes sir." Appellant's attorney then said "We object to that." This ended the matter. No motion to exclude was made. The bill of exceptions presents no error.

Ownership of the property in question was alleged in W. D. Stetler, local freight agent of the Cotton Belt Ry. Co., at Dallas. The property was taken by James Qualls, a negro driver of a freight wagon, from the freight warehouse of said railway company, and on the trial Qualls testified that he took said property away from said warehouse and delivered it to appellant. This witness said that the two cases of hosiery were sitting in the warehouse near the door, and that he and Jim Tom Simpson loaded them on Simpson's wagon, he rolling out one case and Simpson the other, and that Simpson drove his wagon a short distance up Main Street from the freight house, and that the boxes were then transferred to Qualls' wagon, and he took them out to appellant's place of business. A negro trucker in said warehouse by the name of Small was a party to the criminal transaction, and we gather from the evidence that Small,—or Small and Simpson, had made a trade or agreement with appellant relative to what he was to pay for the two cases of hosiery when delivered to him. It also appears that the proceeds were to be divided between Qualls and Small, and some other party. Qualls testified at the time he and Simpson rolled the boxes out of the warehouse, Small was standing there and told him where to take them. It also appears from the record that a check clerk in the employ of said railway company, whose name was Marable and whose duty it was to check freight into the warehouse from cars, was also involved in the transaction. The office of Mr. Stetler, the local freight agent, was in the building, and he testified that he had the exclusive care, management and control of property in the freight warehouse before it was delivered to the consignees. Said ownership seems undisputed, and unquestionably attached to the property in question at the time same was moved from the warehouse by Simpson and Qualls. The re-

quested charges set out in bills of exception Nos. 5 and 6 were properly refused. The effect of same was that if Small or Marable had the actual care, control and management of said property at the time it was taken, and they consented to the taking by Qualls; or having such possession, if they or either of them took said property in connection with Qualls,—in either event the jury should find appellant not guilty.

We are of opinion that said charges were correctly refused for more than one reason. There appears no evidence of the exercise by Marable or Small of that character of care, control and management which, in the law of theft, constitutes ownership. There seems no dispute but that Marable's only connection therewith was to check it from the cars to the warehouse; and that of Small was to truck it from the cars to its proper place in the freight warehouse. The fact that said parties as employees of the railway company colluded, conspired or acted with Qualls, and aided, abetted or permitted him to take property from the freight warehouse in order that he might carry same to some persons with whom agreements had been made to receive, conceal or dispose of same, might in a proper case make said employee guilty of embezzlement as the appropriators of property which had come into their possession by virtue of their employment; and it might be that Qualls, by virtue of the comprehensive character of the law of principals, might in a proper case, if the prosecuting officer saw fit to so proceed, be prosecuted for embezzlement as a principal with said employees. Conversely, Qualls who was in no sense connected with said railway company, and who actually took from the warehouse the property in question, appropriated same and delivered it to this appellant for a consideration to be divided between Small, Marable and himself,—was undoubtedly guilty of theft *per se,* and at the option of the prosecutor might be charged and tried therefor. This is said, bearing in mind that the State may carve out once, and the doctrine of jeopardy and former acquittal or conviction might be invoked when necessary and proper to prevent more than one prosecution for the same offense. We do not think it could be pleaded as a defense by Qualls against a prosecution for theft of said property, that such prosecution was not legal because of the fact that he might have been prosecuted as a principal with said employees for the offense of embezzlement. It follows that we are of opinion that appellant could not defend against a prosecution for receiving and concealing stolen property, upon the ground that the servants of the railway company, who were implicated in said criminal enterprise, might be guilty of embezzlement and might theretofore have been tried and convicted therefor and that they might have given their consent to the alleged taking. The punishment for theft and embezzlement, and also for receiving and concealing stolen or embezzled property, are identical, and the essential characteristics of theft and embezzlement are similar. The agency of the taker in embezzlement, and that there must have been an actual conversion of the property in question, seem to be the only substantial differences. As far as appellant is concerned, his punish-

ment as the receiver and concealer of the embezzled property would have been the same as that of the receiver and concealer of said property if stolen, and we do not think it material in his case to have submitted to the jury any question of embezzlement on the part of employees of the railway company. If under the law and the facts Qualls was guilty of theft, then the only remaining questions in the case pertain to appellant's reception of said property in such manner as to make his connection therewith that of a receiver with guilty knowledge.

Appellant's special charge No. 2, seeking to have the jury told that there was no corroboration of the accomplices Small and Qualls, and that there was a fatal variance between the quantity and description of the property in the indictment and that shown by the proof, seems correctly refused. The officers who arrested appellant testified that they saw Qualls deliver the cases of hosiery to him, and that same were taken from his possession, which is corroboration, and the proof showed the identification of a sufficient amount of the property alleged to have been taken to make same a felony.

A special charge that appellant could not be convicted unless he knew at the time he received the property from Qualls that same was stolen, was properly refused because of the fact that it was given almost word for word in the main charge.

Bill of exceptions No. 10 urges error in refusing the following special charge: "Gentlemen of the Jury: In this case you are charged that there was certain testimony admitted before you concerning some cigars and some suits of clothes at the house of the defendant. You are charged that there was no testimony introduced either that the defendant received said property, cigars and clothes, from James Qualls, or that either said cigars or clothes were stolen property. You will, therefore, not consider said testimony in this case for any purpose whatsoever, but same is hereby withdrawn from you." The officer who arrested appellant and found in his possession the alleged stolen property testified as follows: "I know the defendant and have known him to know who he was since June 16, 1920, the first time I ever saw him was on June 16th at his place of business. Mr. Richards and myself made the arrest. We found about 175 suits of clothes, three cases of hose and a case of cigars there that belonged to or were claimed by other persons. The two cases of hose and a case of cigars were just inside the front door and the suits and one case of hose were in the back bed room." Appellant himself testified that he found three hundred and fifty suits of clothes in a box in his room, with the lid off the box, on the morning of the day of his arrest, and that he did not know where same came from. Also that there was a case of cigars in said room at the same time, of which he knew nothing more than that it was brought to his place and placed in his room by a negro named Holland, but that appellant had not bought it. It seems that possession of other stolen property by the accused at the time he is found in possession of that alleged to have been stolen in the case on trial, may be

90 T. C.—4

shown for the purpose of being considered as evidence of certain material elements in making out a case of theft or receiving stolen property. The officer testified that the property so found by him in appellant's possession belonged to and was claimed by other persons. As stated, it was found in appellant's possession. This circumstantially showed him to be either the taker or receiver, and the trial court would not have been justified in instructing the jury not to consider the fact of his possession thereof for any purpose. Appellant denied any guilty connection with the cases of hosiery involved in the instant transaction, and said same were brought to his store by the negro Qualls without any previous understanding or arrangement, and that he could give no reason why same were so brought to his premises. This being true, the fact that property belonging to other people and afterwards claimed by them was found in his possession, the presence and possession of which by him occupied substantially the same attitude as that directly involved herein, would seem admissible as affecting his intent and guilty knowledge.

We have examined all of the contentions made by appellant in this case, and find ourselves unable to agree with same, or that the record shows any reversible error.

The judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 24, 1921.

HAWKINS, JUDGE.—The motion for rehearing in this case presents no new matter for the consideration of the court, but, in substance, is an averment that this court was in error in not sustaining the assignments of error as originally presented. The facts of this case were somewhat complicated, and received our earnest consideration in the first instance, and we believe a proper disposition was reached. A further discussion of it at this time by the writer would serve no useful purpose, as it would be but an expression of his individual views in addition to what appears in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*