MIKE MEHLMAN v. THE STATE.

No. 6711. Decided November 1, 1922.

1.—Bills of Exception—Extension of Time.

Where it was shown that an extension of time was granted within which to file bills of exception, and the same was filed within such time, the appeal will be heard on its merits.

2.—Same—Evidence—Confession—Theft—Concealing Stolen Property—Original Taker.

In the receiving and concealing of stolen property it has always been held to be necessary to prove the theft of the property, and the acts and declarations of the original taker are admissible in evidence, but must be properly restricted by the charge, and there was no error in the admission of such evidence. Following Tucker v. State, 23 Texas Crim. App., 512, and other cases.

3.—Same—Confessions—Original Taking—Convict After Confession.

That since their alleged confessions were made the original takers of the stolen property were convicted of burglary, and at the time of the instant trial were in the penitentiary, was not a valid ground for the rejection of such confession prior to the time of their conviction.

4.—Same—Evidence—Other Transactions—System—Intent.

Testimony of other transactions similar in character and surroundings, whether occurring before or after that involved in the instant transaction, are admissible on the question of intent and system. Following Hennesey v. State, 23 Texas Crim. App., 340.

5.—Same—Defendant as a Witness—Rule Stated—Moral Turpitude—Words and Phrases.

Where appellant was a witness in his own behalf he was properly subject to attack by showing that he had been convicted of theft, of other

offenses involving moral turpitude, and it was no valid objection that the judgment of conviction offered in evidence failed to use the word "county" in referring to the jail to which defendant was committed.

**6.—Same—Requested Charges—Bill of Exceptions—Motion for New Trial.**

In the absence in the bill of exceptions of a motion for a new trial or any suggestion of any reason why said requested charges or any of them should have been given, they cannot be considered on appeal; and a bill of exception on this ground cannot be considered, besides, it presents no error, if considered.

**7.—Same—Confessions—Original Taker—Charge of Court—Requested Charges.**

Where the portion of the confession of the original takers of the al-- leged stolen property were admitted in evidence and properly restricted by the court's charge, and other requested charges were properly covered by the main charge, there was no reversible error.

Appeal from the District Court of Ellis. Tried below before the Honorable W. L. Harding.

Appeal from a conviction of receiving and concealing stolen property; penalty, a fine of $500.00 and thirty days confinement in the county jail.

The opinion states the case.

*Tom Whipple,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

ON REHEARING.

November, 1, 1922.

LATTIMORE, JUDGE.—Appellant accompanies his motion for rehearing by a certified copy of an order of the District Court of Ellis County made on December 27, 1921, and within thirty days after the adjournment of the trial term, in which order an additional thirty days is granted within which to file bills of exception. We now, therefore, consider said bills of exception in connection with the questions raised upon this appeal.

Complaint is made of the admission in evidence against appellant of portions of the confessions of Jones and Winn, they being the persons engaged in the taking of the property, the receiving and concealing of which is here charged against appellant. It has always been held necessary to prove the theft of the property, in a case such as the one before us, and as part of the proof of such fact, the acts and declarations of the original taker or takers thereof are admissible, but the purpose of the admission of such evidence must be restricted in the charge. Tucker v. State, 23 Texas Crim. App., 512; Cooper v. State, 29 Texas Crim. App. 8; Meek v. State, 71 Texas Crim. Rep., 433; Goldstein v. State, 75 Texas Crim. Rep., 390, 171

S. W. Rep. 709. That since their alleged confessions were made the original takers of the stolen property have been convicted of burglary and at the time of this trial were serving terms in the penitentiary, would not seem ground for the rejection of the confessions made by them admitting their guilt prior to the time of their said conviction. The inhibition is against the testimony of an unpardoned convict. At the time these statements were made the makers thereof were not subject to the objection named.

Appellant claims to have bought four new automobile tires, same being the property in question in this case, from one Winn at about 11 o'clock at night, paying $25 for the four. While on the witness stand in this case, and having stated that he did not believe and had no reason to believe that Winn was a thief, or that the four casings were stolen, the State asked him a number of questions relative to his purchase from Winn at other times and at night of numerous articles such as sugar, tobacco, cigarettes, etc. By several bills of exception complaint is here presented of these questions. Proof of continued dealing with Winn in the surreptitious purchase at night of various articles of merchandise would have weight in rebutting appellant's claim of the good faith asserted by him in the purchase of the articles in the instant case. It was a question for the jury to decide whether appellant knew, or from the circumstances surrounding the sale ought reasonably to have known that the property received by him from Winn was stolen property, and we think the testimony of other transactions similar in character and surroundings, whether occurring before or after that involved in the instant transaction, would serve a useful purpose in showing the attitude of appellant toward the transaction in question. On questions of intent or system, or a case depending on circumstantial evidence, as here involved, proof becomes admissible of their similar but disconnected transactions. Hennessey v. State, 23 Texas Crim. 340.

Appellant was a witness in his own behalf and as such he was properly subject to attack by showing that he had been convicted of theft or other offenses involving moral turpitude. The introduction of a judgment showing him to have been convicted of receiving and concealing stolen property at a date some two weeks subsequent to the date of the charge laid in the instant case, would have been admissible for the purpose of affecting the credibility of appellant as a witness. The admission of said evidence was restricted in the charge of the court to the purpose mentioned. It was no valid objection to the judgment so offered that it failed to use the word "county" in referring to the jail in which the verdict and judgment in said other case committed appellant. It is obvious that a verdict fixing confinement in jail as the penalty, would mean the county jail of the county of trial.

Appellant has a lengthy bill of exceptions complaining of the refusal of a number of special charges. We have carefully examined

this bill of exceptions and find nothing therein, nor in the motion for new trial, nor in any of said charges contained in said bill, which in anywise suggests to this court nor to the trial court any reason why said charges or any of them should have been given, nor stating any fact or facts to which they were or might have been applicable, nor why the refusal of such charges was error. In this condition the refusal of consideration of such bill of exceptions seems to have been held proper. Bain v. State, 73 Texas Crim. Rep., 528, 166 S. W. Rep., 505; Hill v. State, 76 Texas Crim. Rep., 269, 173 S. W. Rep. 1022. However, we have examined said charges at length and think none of them present error. A number of them relate to the question of the determination of the value of the alleged stolen casings, and we observe that the conviction was for a misdemeanor and the refusal of these charges would not be erroneous. The portions of the confessions of the original takers of the alleged stolen property were admitted and restricted by the court in the charge to the question of proving the theft. We do not think it necessary for the court to have charged in such state of case the law of accomplice testimony. Meek v. State, 71 Texas Crim. Rep., 433. Some of said charges were covered by the main charge, which submitted the good faith of the appellant in the purchase of the casings as an affirmative defense.

Finding no error in the motion for rehearing justifying a reversal of the case, same will be overruled.

*Overruled.*