M. R. BOSTICK v. THE STATE.

No. 12060. Delivered January 16, 1929.
Rehearing denied February 20, 1929.

674

The opinion states the case.

*Davenport & Crain* of Wichita Falls for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Appellant and L. A. Bostick—who is appellant's son—were jointly indicted and tried. M. R. Bostick alone appeals. In the city of Vernon on March 6th officers armed with a search warrant searched a place of business known as "Mutt and Jeff's Cafe." Under a window seat in the front of the cafe eight half gallon jars of whisky were found and in an old desk in a rear room eight pints of whisky were found. Some kind of contrivance spoken of as a "trap" had been built under the window seat and the eight half gallons were found in this "trap." Many bottles and corks of all sizes and descriptions were found in the rear of the cafe. This was reasonably accounted for by proof that appellant bought and sold any and all kinds of bottles. In November before the search mentioned appellant had transferred his interest in the business and property on which it was situated to his son, L. A. Bostick, who was not yet twenty-one years of age. Appellant's own testimony shows that he remained as the head or manager of the business. We quote from his evidence:

"On the 6th of March of this year my son, and John Derderian and I were all in charge down there and had care, custody and control of this place; I guess I was in charge of it, and any employe that is there at the time is in charge and in care of it. I was there up until the 6th of March of this year; I am there now. My son was also there up until the 6th of March of this year. * * *

"There was an agreement between him and me that I would stay with the business as long as six months if he thought that he needed me that long, that he might learn more of the business. Before and since this conveyance I have, I guess, acted as the head of the business, I do the buying and the price making of our products; I guess I acted as the head or manager at that time."

Appellant admitted that the window seat was built under his direction but denied any knowledge that the "trap" had been built in. He also denied any knowledge of the presence of whisky either in it or in the desk although the evidence shows that the desk belonged to appellant. L. A. Bostick testified that the "trap" was built in the window seat without appellant's knowledge, and that he (L. A. Bostick) and one Sanders were engaged in selling whisky without appellant's knowledge, and that the whisky found was placed in the desk and "trap" by Sanders without his father knowing anything about it, and that his father had no interest in the whisky or the proceeds from the sale thereof. Positive evidence was introduced by the state through a negro bell boy at a hotel that he had bought whisky for guests at the hotel five or six times from appellant and one time from L. A. Bostick. An officer related facts from which the jury could infer that still another sale of whisky had been made by appellant. These transactions were denied by appellant. The evidence very pointedly raised the issue of appellant being a co-principal in the possession of the whisky for the purpose of sale. The issue was submitted to the jury. No objection was urged to the manner of its submission.

Appellant predicates his request for reversal upon the refusal of two special charges which in substance directed the jury to acquit unless they found that appellant had an interest in the whisky or aided or assisted in selling it. No error was committed by the court in refusing such instructions. Appellant may have been guilty as a co-principal in possessing the liquor for the purpose of sale, although he did not sell it and had no interest in it, nor the proceeds therefrom. In Vinson v. State, 105 Tex. Cr. R. 107, 286 S. W. 100

where practically the same contention was made as is presented here, is found this very pertinent statement:

"Under the law the appellant would be guilty of unlawfully possessing it for sale, regardless of whether it belonged to him, or he had sold any of it or negotiated to sell any of it, if he possessed it for the purposes of sale, and it does not depend upon ownership or the negotiation for sale, to constitute this offense."

Other questions are presented which have been investigated, and are not thought to be meritorious.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

Appellant urges that rehearing should be granted, and reversal had, because the court failed to charge on circumstantial evidence. The admissions and confessions of the appellant are in evidence showing that he had the care, control and management of the place of business at the time the house was searched and a quantity of liquor found in the appellant's private desk and in a window seat. In addition to these confessions and admissions, we also find the positive testimony of witnesses that they bought whisky from appellant in person. This seems sufficient to take the case out of the rule of circumstantial evidence. It has often been held not necessary to prove personal or financial interest in the liquor found in the possession of a given individual, in order to make him guilty of a violation of the law forbidding the possession of intoxicating liquor for purposes of sale, and no error was committed in the refusal of the special charge involving this principle.

The motion for rehearing will be overruled.

*Overruled.*