MATEO PENA v. THE STATE.

No. 13788.    Delivered December 10, 1930.
Rehearing Denied January 28, 1931.

The opinion states the case.

*Shropshire & Adkins,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State. ·

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

Appellant parked his automobile in the garage of Willie Wright. Upon searching the car, officers found about ten gallons of whisky. The officers testified that appellant stated to them at the time of the search the car belonged to him. Wright testified that appellant told him prior to the search that he had whisky in the car, and offered to sell him some of the whisky. Appellant denied any knowledge that the car contained whisky, and defended upon the ground that the car was in the possession of Valezuela, who was negotiating with him for the purchase of the car.

Bill of exception No. 1 relates to the refusal of the court to permit Willie Wright to answer the following question: "How many different tales have you told about this?" It is stated in the bill that appellant wished to prove on cross-examination of the witness, and could have proved, that said witness had made contradictory statements before a court of inquiry and at a former trial of the case. No predicate was laid for impeaching the witness. It was incumbent upon appellant to call the attention of the witness to the time, place and person to whom the alleged contradictory statement was made. Branch's Annotated Penal Code, Sec. 179; Jordan v. State, 10 Texas, 479; Roach v. State, 41 Texas, 263; Mitchell v. State, 38 Texas Crim. Rep., 187, 41 S. W., 816. Moreover, the bill fails to set out the alleged contradictory statements. The question propounded to the witness should have embodied the statement or statements claimed by appellant to have been contra·dictory.

As disclosed by bill of exception No. 2, appellant sought to prove by the witness Willie Wright that Raymon Valezuela, appellant's companion, had been to Willie Wright's home on a previous occasion with some whisky. The court permitted the witness to testify that Valezuela had been to Wright's home on a previous occasion, but declined, upon objection on the part of the State, to permit him to state whether or not the witness had brought whisky with him. The qualification appended to the bill shows that the witness was examined in the absence of the jury, and that he stated that Valezuela had never brought whisky to his home. It was evidently appellant's position that proof that his companion was a bootlegger would tend to sustain his theory that the whisky discovered by the officers belonged to Valezuela and not to him. The opinion is expressed that the bill fails to reflect error. If it was proper for appellant to prove that Valezuela had taken whisky to the home of the witness on a previous occasion—and it is not conceded that

such proof was admissible—the answer of the witness could not have aided appellant.

Immediately prior to searching appellant's car, the sheriff asked appellant whether the car belonged to him. Appellant replied that it did. Bill of exception No. 3 relates to the testimony of the sheriff relative to the statement made to him by appellant at the time of the search, the objection being that appellant was under arrest and that the statute relative to confessions made while under arrest had not been complied with. Appellant was in possession of the whisky when he admitted ownership of the automobile. We think his statement was admissible as res gestae. Elms v. State, 114 Texas Crim. Rep., 642, 26 S. W. (2d) 211.

The recitals in bill of exception No. 4 are to the effect that appellant offered in evidence an indictment against Valezuela charging him with transporting intoxicating liquor and also the judgment of conviction upon a plea of guilty. It appears that the whisky Valezuela transported was the same whisky for which appellant was convicted of having possessed for the purpose of sale. We do not understand that instruments in question were material to any issue in the case. Kluting v. State, 90 Texas Crim. Rep., 44, 232 S. W., 305. Under the rule announced in this state, the declarations of a third party admitting his guilt of the crime for which the accused is upon trial are not admissible, unless the case is one in which the State is relying solely upon circumstantial evidence, and also where the guilt of said third party is inconsistent with the guilt of the accused, and also where the facts show that the party making the declaration was so situated that the crime might have been committed by him. Wise v. State, 101 Texas Crim. Rep., 58, 273 S. W., 850. The State did not rely upon circumstantial evidence. Moreover, the guilt of Valezuela was not inconsistent with the guilt of appellant.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant criticizes the holding of the court on the complaint brought forward in bill of exception number three because the sheriff was permitted to testify that appellant said the car containing the whisky belonged to him, it being claimed that appellant was then under arrest. The ownership of the car was not a controverted issue. Appellant testified upon the trial that it belonged to him. It was further shown that after appellant was released on bond he claimed the car and it was delivered to him by the sheriff. Furthermore, the

exact testimony complained of as coming from the sheriff went before the jury without objection from the witness Chamblis, who testified that he heard the appellant make the statement to the sheriff as testified to by the latter. The same evidence having gone to the jury without objection the court's ruling admitting the sheriff's evidence on the point, even if erroneous, would form no basis for a reversal. Many authorities on the point, both early and recent, are collated in Machado v. State, 112 Texas Crim. Rep., 538, 17 S. W. (2) 1060 and Stone v. State, 113 Texas Crim. Rep., 371, 22 S. W. (2d) 140.

We are not in accord with appellant's renewed contention that the trial court erred in refusing to admit in evidence the indictment against one Valezuela for transporting the liquor in question and the judgment of conviction on his plea of guilty. Persons may be co-transporters and co-possessors of liquor for the purpose of sale. Bostick v. State, 111 Texas Crim. Rep., 673, 13 S. W. (2d) 842. The evidence rather conclusively shows that appellant and Valezuela were co-principals in the enterprise and the latter's plea of guilty was in no wise inconsistent with appellant's guilt also. The rule controlling will be found discussed in Staton v. State, 93 Texas Crim. Rep., 356, 248 S. W., 356; Stone v. State, 98 Texas Crim. Rep., 364, 265 S. W., 900; Bassett v. State (Texas Crim. App.), 20 S. W. (2d) 766. In the cases referred to the earlier authorities are reviewed.

The motion for rehearing is overruled.

*Overruled.*