## JOE PADILLO v. THE STATE.

No. 17667. Delivered June 19, 1935.
Appeal Reinstated October 23, 1935.

The opinion states the case.

*J. E. V. Jasper*, of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for receiving and concealing stolen property; penalty assessed at confinement in the penitentiary for two years.

We are unable to pass upon the case further than to dismiss the appeal for the reason that the record fails to show notice of appeal, which is essential to give this court jurisdiction of the appeal. See Art. 827, C. C. P. The statute is emphasized by many decisions of this court which will be found in the reports.

The appeal is dismissed.

### ON MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

On the 22nd of October, 1934, W. A. Cromer's drug store was burglarized and merchandise exceeding in value fifty dollars taken therefrom. Shortly prior to November 1, 1934, a policeman of the city of Dallas found in appellant's residence five cases of shotgun shells and other property which Mr. Cromer identified as having been taken from his drug store

in the county of Denton. The shotgun shells were valued at twenty dollars a case. Officers also discovered in appellant's residence other property which was shown to have been stolen from various individuals during the month of October, 1934. E. W. Tibbetts, who was a fugitive from justice at the time of appellant's trial, had made a confession in which he stated that he and one Henry Devilla had burglarized Mr. Cromer's drug store and taken therefrom several cases of shotgun shells and other property. This confession was introduced in evidence.

Testifying in his own behalf, appellant admitted that the stolen property from Cromer's drug store had been found in his residence. He declared, however, that Devilla and Tibbetts had rented two rooms from him and had brought the property to their rooms. He denied that he had received the property from them. He testified that some toilet articles which the officers found in his trunk had been given him by Devilla and Tibbetts. Again, he testified that Tibbetts and Devilla offered to give him the stolen property in payment of rent they were due him but that he declined to receive it. Appellant's version was given support in the testimony of other witnesses introduced on his behalf.

In rebuttal the State introduced a witness who gave testimony tending to controvert appellant's statement that Devilla and Tibbetts had rented rooms from him. This witness testified that the parties mentioned had had a room in her apartment house.

We are unable to agree with appellant's contention that the evidence is insufficient.

Appellant introduced witnesses who gave uncontroverted testimony that his general reputation as a peaceable and law-abiding citizen was good. Under the circumstances, we think the refusal of the court to permit appellant to testify that he had never been in jail before should not work a reversal of the judgment. The State had not attempted to show that appellant had ever been in jail.

Several bills of exception relate to proof on the part of the State to the effect that several places had been burglarized and that some of the stolen property taken from said places was found in appellant's possession. It was appellant's theory, given support in his testimony, that all of the property found in his house had been brought there by Tibbetts and Devilla. The State's version was to the effect that Tibbetts and Devilla burglarized the Cromer drug store and other places during the

month of October and delivered the property taken from said places to appellant. In cases of receiving stolen property, it is incumbent upon the State to establish, first, that the property was stolen, and, second, that the party charged with receiving such property did so with guilty knowledge. Poon v. State, 48 S. W. (2d) 307; Mehlman v. State, 244 S. W., 602. The holding in Mehlman v. State, supra, militates against the conclusion that proof of the reception of other stolen property by appellant from Tibbetts and Devilla was inadmissible. In Mehlman's Case the transactions were held to be so nearly contemporaneous as to make proof of same admissible. In the present case the record discloses that the other burglaries by Tibbetts and Devilla were committed during the first part of October and that Cromer's drug store was burglarized on October 22nd. The bills of exception relating to the matter show that the stolen property involved in the other transactions was found in appellant's home at the time the officers searched for and discovered the property lost by Mr. Cromer.

It is shown in bill of exception No. 6 that the State introduced in evidence a confession made by Tibbetts in which he stated that he and Devilla burglarized the Cromer drug store and carried the stolen property to appellant's home and sold it to him. The confession also relates to the fact that Tibbetts and Devilla burglarized other places and delivered the stolen property to appellant. Tibbetts and Devilla did not testify upon the trial. Appellant objected to the introduction of the confession on the ground, among others, that it was hearsay. In qualifying the bill of exception, the trial court states that the indictment charged appellant with having received the property from Tibbetts and Devilla; that appellant objected to the introduction of the statement in evidence as a whole; that the court admitted the statement to show that Tibbetts was one of the persons who stole the property, as charged in the indictment; that the jury were instructed that they could consider said statement for no other purpose. It was incumbent upon the State to prove the theft of the property, and, as part of the proof of such fact, the acts and declarations of the alleged thief were admissible, but said acts and declarations were not admissible to prove that appellant was a receiver of the stolen property. Mehlman v. State, 244 S. W., 523; Donegan v. State, 229 S. W., 857. Appellant did not specifically object to that part of the confession which inculpated him. He objected generally to the introduction of said confession as a whole. Part of the confession being admissible, it was in-

cumbent upon appellant to specifically object to the portions which were inadmissible. A general objection was insufficient. We quote from 4 Texas Jur., p. 60, as follows: "When testimony is not objectionable as a whole, the defendant should make his objection specific as to the part claimed to be inadmissible, blanket or general objections being insufficient."

In support of the text many authorities are cited, among them being Walthall v. State, 2 S. W. (2d) 442.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.