R. H. BURCK v. THE STATE.

No. 19022.   Delivered May 26, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*C. S. Farmer*, of Waco, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is accomplice to arson; the punishment, confinement in the penitentiary for two years.

The evidence is deemed sufficient to support the finding of the jury that appellant hired Floyd Lowe and Percy Isaac to burn the house of Dr. J. N. Pyle.

Floyd Lowe, one of the principals, testified for the State. Isaac was not used as a witness but his confession was introduced by the State. In said confession Isaac stated that Floyd Lowe employed him to aid in burning the house. In his charge to the jury the court limited the confession to the purpose of

showing the guilt of Isaac. Appellant excepted to the charge on the ground that it failed to instruct the jury that Isaac was an accomplice witness. Further, he excepted to the charge on the ground that it failed to instruct the jury that one accomplice can not corroborate another accomplice. Under the holding of this court in Mehlman v. State, 244 S. W., 523, the exceptions were not well taken. In that case Mehlman was on trial for receiving and concealing stolen property. Portions of the confessions of the alleged thieves were admitted and restricted by the court in the charge to the question of proving the theft. Mehlman sought to have the jury instructed that the alleged thieves were accomplice witnesses. In concluding that the charge was not called for, the court, speaking through Judge Lattimore, used language as follows:

"The portions of the confessions of the original takers of the alleged stolen property were admitted and restricted by the court in the charge to the question of proving the theft. We do not think it necessary for the court to have charged in such state of case the law of accomplice testimony."

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We advert to only one question presented in appellant's motion for rehearing, the others not requiring discussion.

The charge was objected to because the trial court did not tell the jury that Isaac was an accomplice witness, and that one accomplice witness could not corroborate another accomplice witness. It was charged in the indictment that Isaac and Lowe were principals in the arson. Isaac's confession was introduced to show his guilt as a principal. Lowe's confession was introduced to show his guilt as a principal and he was also used by the State as a witness. The court properly told the jury that the confessions were admitted in evidence to aid the jury, if they did, to determine whether Lowe and Isaac committed the offense of arson, and expressly instructed that the confessions could not be considered for any other purpose. The court then properly instructed the jury that Lowe, who testified, was an accomplice witness. Just how the trial court

would have formulated an instruction to the effect that Isaac was an accomplice witness, when he never testified, presents somewhat of an anomaly, and we are not inclined to hold that the court committed an error for refusing to undertake it. If it was feared that the instruction not to consider Isaac's confession save on the question of his own guilt did not sufficiently protect appellant and that there was danger of the jury appropriating Isaac's confession to corroborate Lowe, appellant should have called the court's attention to the particular point and requested an instruction to the effect that Isaac's confession could not be used for such corroboration.

The motion for rehearing is overruled.

*Overruled.*