## GUTHRIE SHELBY v. THE STATE.

No. 20691. Delivered January 31, 1940.
Rehearing Denied March 20, 1940.

The opinion states the case.

*John L. Poulter,* of Fort Worth, and *Williamson & Nordyke,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted in the District Court of Erath County on a charge of receiving and concealing twenty-five goats that had been stolen from H. M. Colwick. The offense is alleged to have been committed on January 26, 1939, and the facts of the case disclose that three parties, acting together, stole the goats at night and drove to Fort Worth, where they delivered them to the appellant at his home about two o'clock in the morning. There is some evidence that this was done by a prior arrangement, but a finding on that issue was not essential to a conviction.

Each and all of the several issues in the case are overruled without discussion inasmuch as they do not present questions of such importance as to require it, save and except that which is raised by Bill of Exception No. 1. This bill presents an error which would require a reversal of the case were it not for the fact that appellant had given evidence without objection covering the same identical facts as those complained of. By it complaint is made that the owner of the goats was permitted to testify that he had lost eighteen goats on a prior date and during the month of December, and that he found these identical goats in the barn with the twenty-five for which appellant was being tried in this case. It is also stated in the record that appellant is under indictment at the present time for receiving and concealing the eighteen goats referred to. The evidence relates to and brings before the jury a separate and distinct

offense from that for which the appellant is being tried, and is, under most circumstances, inadmissible. However, we are confronted with the court's qualification of the bill referring to the statement of the appellant in the statement of facts to the following effect: "I bought, I think, eighteen. I paid him for them three dollars and a quarter. Then, I bought some more goats after that a little later along in January. After I bought the goats, Mr. Grebein took them out to his place; he had a little farm out there. I paid three dollars and a quarter for the second bunch. I have finished paying for them."

This testimony was given without objection on direct examination by the appellant as a witness, and in a discussion of the same transaction about which Mr. Colwick testified over his objection. Having testified voluntarily as to the transactions himself and having covered fully by such testimony all of the things complained of as developed by the witness Colwick, we think the appellant is in no position to complain of the error pointed out in his bill, and the same is accordingly overruled.

The other bills in the record assign no error which we consider grounds for reversal and they are consequently overruled.

The judgment of the trial court and its sentence being regular, the case is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion because of what he contends would be an unfair rule in that if there be admitted by a ruling of the trial court improper testimony against the defendant, that in the event of the appellant undertaking to combat such improper testimony by testimony relative to the same transaction, such an effort would result in a waiver of the objection to the introduction of the matter first offered. This is a salutary rule and one to which we adhere.

However, upon mature reflection, we are constrained to the belief that we were incorrect in the statement in our original opinion that it was error to admit the testimony of Mr. Colwick that he found not only the 25 goats, alleged to have been stolen from him in January, in appellant's possession, but that he also found in appellant's possession 18 other goats belonging to him, stolen in the month of December previous to the theft of these 25 goats.

We think that evidence of other transactions similar in character and surroundings, occuring about or near the time of the instant transaction, would serve a useful purpose in showing the attitude of appellant towards the transaction under investigation. On questions of intent, system, motive or knowledge such proof usually becomes admissible of similar, although disconnected, transactions. See Mehlman v. State, 92 Texas Crim. Rep. 455; Hennessy v. State, 23 Texas Crim. App. 340; also see Lytton v. State, 101 S. W. (2d) 564. We held in Kluting v. State, 90 Texas Crim. Rep. 49: "It seems that possession of other stolen property by the accused at the time he is found in possession of that alleged to have been stolen in the case on trial, may be shown for the purpose of being considered as evidence of certain material elements in making out a case of theft or receiving stolen property."

In Padillo v. State, 86 S. W. (2d) 772, we find the following: "The holding in Mehlman v. State, 92 Texas Crim. Rep. 557, 244 S. W. 602, militates against the conclusion that proof of the reception of other stolen property by appellant from Tibbetts and Devilla was inadmissible."

We find the following in Wharton on Criminal Evidence, (10th ed.) Vol. 1, p. 135, Sec. 35: "Evidence of collateral offenses often becomes relevant where it is necessary to prove scienter or guilty knowledge, even though the reception of such evidence might establish a different and independent offense. In prosecutions for receiving stolen goods, guilty knowledge is the gist or substance of the offense to be established by the prosecution; and evidence of collateral offenses is admissible to establish such knowledge."

Also see note on this subject in 105 A. L. R. 1291; also Jim Hodges v. State, our No. 20,530, not yet reported. (137 Texas Crim. Rep. 527).

We think this case was properly disposed of in our original opinion, and have thus written herein in order that our holdings on the proposition relative to the introduction of other similar transactions for the purpose of showing motive, knowledge, system and intent might not become confusing to those interested therein.

The motion will be overruled.