RAY WILSON V. STATE

No. 27,418. March 2, 1955

*Carl Cannon,* Groesbeck, and *Bowlen Bond,* Teague, for appellant.

*Joe Schultz,* Former County Attorney, *Lewis M. Seay,* County Attorney, both of Mexia, *Brady & Geren,* by *L. L. Geren,* Groesbeck, and *Wesley Dice,* State's Attorney, Austin, for the state.

DICE. Judge.

The conviction is for murder without malice; the punishment, five years' confinement in the penitentiary.

The evidence shows that the deceased was the wife of appellant and died as the result of being hit on the head by a rock thrown by him, while appellant, the deceased and some young children were driving a cow.

It was the state's theory that appellant intentionally threw the rock at the deceased, which theory was supported by the testimony of two of the young children who were present at the time of the tragedy and testified for the state.

Appellant interposed the defense of accident and, as a witness in his own behalf, denied that he threw the rock at his wife and testified that he threw the rock at the cow and had no intention of hitting his wife.

The state presented witnesses who testified to certain previous acts and conduct of appellant towards his wife which would reflect that appellant had been harsh and unkind to her. Appellant denied such acts and conduct and offered the testimony of several of his neighbors and acquaintances who testified that they were acquainted with appellant and the deceased during her lifetime and, in their opinion, the two were devoted to each other and were a congenial couple.

Appellant predicates his appeal upon seven alleged points of error.

In view of the disposition of the case, it will only be necessary to discuss Point No. 5 by which appellant contends that the court erred in admitting impeaching testimony of appellant's witness, E. C. Wilson, without first having laid a proper predicate therefor.

The record shows that appellant called the witness, E. C.

Wilson, and after testifying on direct examination, he was asked the following questions on cross-examination by the state's counsel:

"Q. Now, isn't it a fact, Mr. Wilson, that one time when you were helping Ray Wilson fix fence he got mad at his wife, Doris, that he cursed her and chunked her, chunked at her and knocked her down? A. No, sir.

"Q. Have you ever make that statement that he did do that, Mr. Wilson? A. No, sir.

"BY MR. CANNON: Now, Your Honor, we move to strike those questions and answers and instruct the jury not to consider them. They are highly inflammatory and prejudicial.

"MR. SCHULTZ: Your Honor, We —

"BY THE COURT: I am going to overrule your objection.

"BY MR. CANNON: To which we except."

After the witness Wilson denied making the statement inquired about, the state offered as a witness Mrs. Bill Seastrunk, who testified on direct examination as follows:

"Q. I will ask you, Mrs. Seastrunk, if some ten or twelve days ago you had occasion to talk with Eddie Wilson? A. I did, yes.

"Q. Don't answer this next question until the Lawyer has a chance to object. On that occasion did Mr. Eddie Wilson tell you of an occurrence that happened when he was helping Ray Wilson build a fence?

"BY MR. BOND: Just a minute, we object to that question because there is no predicate laid for it. The Court will remember he asked, 'didn't you tell somebody,' not no proper predicate — .

"BY THE COURT: Overrule your objection, Mr. Bond.

"BY MR. BOND: Note our exception."

          *     *     *     *

"BY MR. SCHULTZ: I will withdraw that question and ask you Mrs. Seastrunk, if in substance Eddie Wilson made the following statement to you: that he was helping Ray fix a fence and that Doris Wilson was down there with them, that Ray got mad at Doris and cursed her and knocked her down and chunked at her?

"BY MR. BOND: We renew our objection for the reason heretofore stated.

"BY THE COURT: All right, you may have your bill. Overrule your objection. You may answer the question Mrs. Seastrunk.

"A. Yes, sir, he made that statement."

We conclude that a proper predicate had not been laid to permit the state to impeach the witness Wilson and that the court erred in allowing the witness, Mrs. Seastrunk, over objection, to testify that the witness Wilson had made a statement contradictory to that which he had denied making, because *"the witness Wilson was not apprised of the time, place or person to whom the statement is alleged to have been made, when being questioned whether he made such statement."* (Italics ours.)

The rule has been stated that before a party is entitled to impeach a witness by proof of contradictory statements, a predicate must be laid, calling attention of the witness to the time, place and person to whom it is claimed the statement was made. Branch's Ann. Texas P.C., p. 108, sec. 179; Jordan v. State, 10 Texas App. 479; Walker v. State, 6 Texas App. 576 (602); West v. State, 116 Texas Cr. R. 467, 34 S.W. (2d) 253; Pena v. State, 117 Texas Cr. R. 265, 34 S.W. (2d) 603; Coons v. State, 152 Texas Cr. R. 479, 215 S.W. (2d) 628; Sharp v. State, 153 Texas Cr. R. 96, 217 S.W. (2d) 1017.

The contradictory statement of the witness Wilson, as testified to by Mrs. Seastrunk, was material upon the issue of the appellant's intent in throwing the rock that killed the deceased, and the admission of such statement was not rendered harmless by testimony showing that appellant had mistreated his wife on other occasions.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the court.

WOODLEY, Judge, dissenting.

The objection was not, in my opinion, sufficient to call the trial court's attention to the absence of a showing of time, place or person in the question propounded to the witness Wilson. It

was a general objection, which was renewed after the question had been rephrased to meet that part of the objection to the prior question "The Court will remember he asked 'didn't you tell somebody,' not no proper predicate . . . ."

The case of Pierson v. State, 145 Texas Cr. Rep. 388, 168 S.W. 2d 256, appears to be authority for the proposition that the objection that no proper predicate was laid is a general objection.

As to the rule which requires the question to the witness sought to be impeached to specify the time when, place where and person to whom the supposed contradictory statement is alleged to have been made, attention is called to the following statement found in McCormick and Ray, Texas Law of Evidence, Sec. 342, p. 428:

"The court should not forget that the only purpose of the present rule is to insure an adequate warning to the witness. It should never be made an arbitrary requirement. If the trial court feels that the question used fully called the witness' attention to the alleged statement that should be sufficient. Too often the courts lose sight of the fact that this rule is only a means to an end."

I respectfully enter my dissent.