**Vernice R. McWILLIAMS & Betty Davis McWilliams, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46326.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Rehearing Denied July 17, 1973.

Byron Chappell and Joel Howard, Lubbock, for appellants.

Jack Young, Dist. Atty., Muleshoe, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellants seek relief from convictions for the offense of robbery by firearms; each received a sentence of twenty years' confinement.

Six grounds of error are raised by Mrs. McWilliams, four by Mr. McWilliams.

Each appellant contends that the trial court erred in refusing to grant a pretrial motion for severance. Appellants argue that a joint trial caused them to face strong prejudice, since Mrs. McWilliams is white and her co-defendant husband is black. Both the appellants and the State presented witnesses at the pretrial hearing on this matter. The gist of the testimony received, from both sides, is that there would probably be prejudice *because of the black/white marriage.*

Article 36.09, Vernon's Ann.C.C.P., amended in 1967, states:

"Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that in cases in which, upon timely motion to sever,

and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants."

Under this amended Article, severance is no longer a matter of right, but rests within the sound discretion of the court. Sonderup v. State, 418 S.W.2d 807 (Tex.Cr. App. 1967); Younger v. State, 457 S.W.2d 67 (Tex.Cr.App. 1970). This is true unless one defendant has an admissible prior conviction while the person seeking the severance does not. Dawson v. State, 477 S.W. 2d 277 (Tex.Cr.App. 1972). Such is not true of the present cause. Also, the appellants were represented by separate counsel in this case. See the concurring opinion on rehearing in Morales v. State, 466 S. W.2d 293 (Tex.Cr.App. 1970).

■ We have closely examined the record and conclude that there was no abuse of discretion in overruling the severance motion. All that was established at the pretrial hearing was that there would probably be prejudice against the appellants because of their marriage. If this is accepted as true, then a severance would not have cured such prejudice anyway. The evidence presented leaves little doubt that the existence of the interracial marriage would have come out, even if the appellants had received separate trials. The record reflects that appellants were involved in a "domestic fight" prior to their arrest in the instant case. Coupled with the identification of the accused as a black man and a white female, it is apparent the jury would have heard evidence of the marriage, regardless of whether or not the appellants were tried separately.

■ Appellants' argument appears really to be that they could not receive a fair trial in Lamb County because of their marriage. In such a situation, the proper remedy would be a change of venue and not a motion to sever. Article 31.03, V.A.C.C.P. The record is silent as to any such motion in this case.

Further, the voir dire examination is included in the record before this Court. While both sides presented witnesses at the pretrial hearing, no examination was made of the prospective jurors in this case regarding possible prejudice toward the appellants because of their marriage. Appellants' first ground is overruled.

■ Both appellants next contend that the court erred in allowing the introduction of a pair of tennis shoes, since they were the product of an illegal search. However, Mr. McWilliams testified on cross-examination that he consented to the search which produced this evidence. Shelton v. State, Tex.Cr.App., 494 S.W.2d 851 (1973). The argument is also made that the Miranda decision was violated and therefore, the consented search could not be validated. We refer appellants to the recent Supreme Court case of Schneckloth v. Bustamonte, —— U.S. ——, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

■ In another combined argument, the appellants contend that error was injected in the trial when the prosecutor, in the presence of the jury, made known his personal opinion that a defense witness was a participant in the offense or was guilty of some criminal offense. The defense called Clarence Johnson, against whom charges were eventually filed before the conclusion of the trial, for participation in this offense. When he took the stand, the *State* attempted to advise him of his rights against self-incrimination. The court admonished the prosecutor and the witness testified. No objection was voiced by defense counsel until *after* the witness had concluded his direct examination. That objection came too late to preserve any error. Also, the appellants never sought an instruction to disregard. We cannot conclude that the prosecutor's statement constituted reversible error, in light of the fact that Johnson *was* subsequently

identified before the jury as a participant in the robbery.

 This identification relates to the appellants' fourth ground of error. They contend that it was improper for the court to allow the impeachment of Johnson by a witness who identified him as one of the principals to the offense. At the time of the identification, Johnson was charged with the offense. Article 38.29, V.A.C.C.P., permits the State to show that the witness is charged with the same offense. No error is shown.

Mrs. McWilliams alleges two additional grounds, one of which challenges the sufficiency of the evidence against her. She contends that the State failed to establish her as a principal.

 The evidence reflects that on the day in question, at approximately 12:30 a. m., the doorbell rang at the home of the Brinson family. Mr. and Mrs. Brinson went to the door. A woman, appearing frantic, asked if she could use their telephone. Just as the door was unlatched, two men burst in, threatened their lives, beat them, and eventually forced Mr. Brinson to open the safe at the store where he worked and turn over a large amount of cash. The woman disappeared as soon as the two men entered, and was not observed by the victims any more that night. Both Mr. and Mrs. Brinson positively identified Mrs. McWilliams as the woman at the door. The jury was properly charged on the law of principals; they resolved that issue against appellant and the evidence is sufficient to support that finding.

In her last ground, appellant argues that the court erred in allowing the State to impeach her testimony as to her weight, without laying a predicate. Mrs. McWilliams testified on direct examination that on the

day in question she weighed approximately 105 pounds. The State did not cross-examine her on this point. Later, the State called a deputy sheriff of Lamb County to the stand. He testified that he had occasion to book the appellant after she was arrested, and, in the process, he recorded her name, age, address, date of birth, weight and height. Also, appellant was photographed and fingerprinted at this time. Appellant objected to any reference to the fingerprint and photograph card, on several grounds, including "that the proper predicate ha[d] not been laid." Clarification was then obtained, indicating that only the age and weight would be read. The prosecutor then stated to the jury that the weight indicated on the card showed appellant weighing 115 pounds on the day in question. No objection was made.

 Even conceding that the appellant was not properly impeached,[1] the error is not such as requires a reversal, in light of other positive identification of the appellant.

The judgment is affirmed.

---

1. Ordinarily, before a party is entitled to impeach a witness by proof of contradictory statements, a predicate must be laid, calling the attention of the witness to the time, place and person to whom it is claimed the contradictory statement was made. 1 Branch's Ann.P.C., § 201, citing Wilson v. State, 161 Tex.Cr.R. 152, 275 S.W.2d 798 (1955); see Huffman v. State, 479 S.W.2d 62 (Tex.Cr.App.1972).